CHARLES BONNELL, Trustee, Plaintiff-Appellant, v. REGIONAL BOARD OF SCHOOL TRUSTEES OF MADISON COUNTY *et al.*, Defendants-Appellees.

Fifth District    No. 5—92—0703

Opinion filed March 14, 1994.

Timothy C. Stubblefield, of Nelson, Bement, Stubblefield & Rich, of Belleville, for appellant.

Richard W. Gibson, of Hoagland, Fitzgerald, Smith & Pranaitis, of Alton, for appellee Regional Board of School Trustees of Madison County.

C. Dana Eastman, Jr., and Gregory P. Erthal, both of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellee Alton Community Unit School District No. 11.

JUSTICE WELCH delivered the opinion of the court:

Charles Bonnell, trustee of land trust No. 83—225, a/k/a Bank of Alton land trust No. 83—225, appeals from the dismissal with prejudice of his amended complaint against the Regional Board of School Trustees of Madison County, Illinois, Joseph Barry, Earl Vaugniaux, C.A. Henning, Bill Keller, Willard Flagg, Homer Huber, Joseph Higgins, and Harold Briggs (Board), and Alton Community Unit School District No. 11 (District). The amended complaint, filed August 10, 1992, in the circuit court of Madison County, sought damages for

tortious misrepresentation in the sale of real estate and damages for breach of the contract to sell the real estate, alleging that defendants had sold to plaintiff a school building which defendants knew contained asbestos without disclosing this fact to plaintiff. Pursuant to motions of defendants, the trial court dismissed the complaint with prejudice.

Counts I and II of the amended complaint, directed against the Board and the District, respectively, seek damages in tort. The amended complaint alleges that prior to July 8, 1983, the District directed the Board to sell the property known as Lincoln School. On July 8, 1983, the Board published a notice of sale for the property, and on July 25, 1983, plaintiff appeared at the auction and was the high bidder for the property.

Thereupon, plaintiff entered into a contract with defendants for the purchase of Lincoln School as evidenced by a "Temporary Receipt" showing the total purchase price of $30,000 for the Lincoln School and payment by plaintiff of $6,000, being 20% of the purchase price, and directing that the balance of $24,000 was to be paid on the delivery of the deed and evidence of merchantable title. The "Temporary Receipt," which is attached to the complaint, is dated and is signed by Harold E. Briggs, regional superintendent of schools and *ex officio* secretary of the Board. On September 9, 1983, plaintiff received the deed to the property.

The complaint alleges that, prior to the sale, the defendants knew that asbestos was located on the property but willfully and fraudulently failed to disclose this fact to plaintiff. The complaint alleges that the asbestos was a hidden defect that was not apparent to plaintiff and was not readily detectable by visual inspection. Plaintiff alleges that defendants had a duty to disclose to a purchaser the presence of asbestos.

After purchasing the property, plaintiff expended considerable sums in rehabilitation of the property. Thereafter, in March 1991, at the request of a prospective renter, the property was tested for the presence of asbestos, and on March 20, 1992, plaintiff first learned of the presence of asbestos. Plaintiff alleges that as a direct and proximate result of the defendants' failure to disclose the presence of asbestos, defendant has incurred damages.

Counts III and IV of the amended complaint are directed against the Board and the District, respectively, and seek damages for breach of contract. In addition to the allegations contained in counts I and II, these counts allege that, as a condition of all real estate sales contracts, the seller must disclose all hidden defects that affect the value of the property, and that the defendants breached the contract

for the sale of the real estate by failing to disclose the fact that there was asbestos located on the property in that at the time of the sale defendants knew of the presence of asbestos on the property. The complaint alleges that plaintiff has performed all conditions required of him under the terms of the contract and alleges that, as a direct result of defendants' breach of contract by their failure to disclose the hidden defect on the property, plaintiff has suffered damages.

On August 31, 1992, and September 2, 1992, the Board and the District, respectively, filed motions to dismiss the amended complaint. With respect to counts I and II, the motions allege that the defendants are immune from suit under sections 2—106, 2—210, and 2—109 of the Local Governmental and Governmental Employees Tort Immunity Act. (Ill. Rev. Stat. 1989, ch. 85, pars. 2—106, 2—210, 2—109.) With respect to counts III and IV, the motions allege that the allegation of breach of contract is not supported by any allegations of the terms or conditions of the contract that create the obligation under the contract which plaintiff alleges was violated.

On September 18, 1992, the court entered its order granting the motions to dismiss and dismissing the amended complaint with prejudice. The record contains no indication of the trial court's reasoning or rationale. Plaintiff appeals.

Because this cause comes before us for review of a trial court's grant of a motion to dismiss the complaint, all well-pleaded allegations in the complaint are taken as true. (*Eck v. McHenry County Public Building Comm'n* (1992), 237 Ill. App. 3d 755, 758, 604 N.E.2d 1109, 1112.) However, any allegations that are merely conclusions, unsupported by allegations of specific facts, are not admitted. *Eck*, 237 Ill. App. 3d at 758, 604 N.E.2d at 1112.

The motions to dismiss counts I and II of the amended complaint were based on the immunity provided to public entities and public employees by the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*). The purpose of that act is to protect public entities and public employees from liability arising from the operation of government. (Ill. Rev. Stat. 1989, ch. 85, par. 1—101.1(a).) Both defendants constitute "local public entities" within the meaning of the Act. (Ill. Rev. Stat. 1989, ch. 85, par. 1—206.) They are, therefore, afforded the immunities and defenses provided by the Act.

■ The Act adopts the general principle that local governmental units are liable in tort, but the Act limits this liability with an extensive list of immunities based on specific government functions. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 506, 565 N.E.2d 654, 658.) It is now well recognized that the Act provides

immunity only for acts that are "discretionary" in nature but does not provide immunity for acts that are "ministerial" in nature. *Eck v. McHenry County Public Building Comm'n* (1992), 237 Ill. App. 3d 755, 763, 604 N.E.2d 1109, 1116.

Discretionary acts are those which require personal deliberation, decision, and judgment, while ministerial acts are those amounting to the performance of a task in accordance with an order. (*Eck*, 237 Ill. App. 3d at 762, 604 N.E.2d at 1115.)

> " 'Official action is [discretionary] where it is the result of judgment or discretion. Official duty is ministerial, when it is absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it, prescribes and defines the time, mode and occasion of its performance with such certainty, that nothing remains for judgment or discretion. [Citation.] A corporation *** exercises discretion, when it selects and adopts a plan in the making of public improvements, such as constructing sewers or drains; but as soon as it *begins to carry out that plan,* it acts ministerially, and is bound to see that the work is done in a reasonably safe and skillful manner.' (Emphasis added.)" *Eck*, 237 Ill. App. 3d at 762, 604 N.E.2d at 1115, quoting *City of Chicago v. Seben* (1897), 165 Ill. 371, 377-78, 46 N.E. 244.

Similarly, public employees are extended immunity from liability for discretionary acts, those requiring personal deliberation, decision, and judgment, but are not immune from negligent performance of ministerial acts, those amounting to an obedience of orders or the performance of a task in which the employee has no choice of his own. *Greeson v. Mackinaw Township* (1990), 207 Ill. App. 3d 193, 200, 565 N.E.2d 695, 699.

■ In *Kennell v. Clayton Township* (1992), 239 Ill. App. 3d 634, 639, 606 N.E.2d 812, 816, the court distinguished between discretionary acts and ministerial acts as follows:

> "Discretionary acts are those which are unique to the particular public office and involve the exercise of judgment. [Citation.] On the other hand, ministerial acts are those which are performed in a prescribed manner, in obedience to the mandate of legal authority, without regard to the exercise of discretion as to the propriety of the acts being done."

■ Defendants argue that the act in question here is the District's initial decision whether to sell the school and that this decision is clearly a discretionary act. We agree that the decision whether to sell the school is a discretionary act. We also agree that determinations such as how to sell the school and when to sell it and at what price are discretionary acts for which the Act provides immunity. However, we also agree with plaintiff that, once the discretionary de-

cisions to sell the school and on what terms are made, the act of actually selling the school is merely ministerial in nature and no immunity is provided by the Act. Furthermore, we think that the acts in question here are not, as defendants assert, the decisions of whether and how to sell the school, but the act is instead the actual act of selling the school to plaintiff.

Just as a public entity exercises discretion in selecting and adopting a plan in the making of public improvements, but as soon as it begins to carry out that plan, it acts ministerially (see *Eck*, 237 Ill. App. 3d at 762, 604 N.E.2d at 1115), similarly, although the District exercises discretion in deciding and adopting a plan to sell school property, once it begins to carry out that plan, it acts ministerially. While the decisions whether to sell school property and on what terms are a uniquely governmental action, once those decisions are made by the District, the Board acts in a prescribed manner, in obedience to the mandate of legal authority and without regard to the exercise of discretion as to the propriety of the acts being done. See *Kennell*, 239 Ill. App. 3d at 639, 606 N.E.2d at 816.

Defendant Board argues that even the act of selling the real estate involves the exercise of discretion in that the purchaser may want to pay by personal check or may request an extension of time in which to pay the balance owed. The Board argues that the decisions whether to accept a particular method of payment or grant an extension of time to pay are discretionary decisions and that therefore even the act of selling the school pursuant to plan should be accorded immunity under the Act.

As was recognized in *Eck* (237 Ill. App. 3d at 763, 604 N.E.2d at 1116), inherent in the performance of virtually any ministerial task is an element of discretion. However, the act in question must be characterized by viewing it as a whole rather than by focusing upon its component elements. Otherwise it would be possible to characterize almost any ministerial act as discretionary.

We reject defendants' argument that the act of selling Lincoln School was discretionary. Once the decisions to sell the property and on what terms are made, the Board acts ministerially in carrying out that sale. The Act does not provide defendants immunity against the tort alleged in counts I and II of plaintiff's amended complaint.

■ We turn now to the trial court's dismissal of counts III and IV of the amended complaint, those seeking damages for breach of the contract to sell the real estate. In their motions to dismiss, defendants argued that these counts of the complaint failed to contain any allegations of the terms or conditions of the contract which plaintiff claims were breached. This motion to dismiss was granted by the

trial court, but the court did not explain its reasoning for the dismissal. On appeal all parties state and agree that the trial court dismissed counts III and IV because they actually sound in tort rather than contract and the Act provides immunity from liability in tort. We have already found that the Act does not provide immunity from the tort alleged by plaintiff in counts I and II of the amended complaint. Therefore, dismissal of counts III and IV on this basis is error.

Whether counts III and IV of plaintiff's amended complaint can withstand a motion to dismiss for failure to state a cause of action we decline to discuss as this issue was not thoroughly briefed by the parties and was apparently not decided by the trial court. We find only that the trial court erred in dismissing counts III and IV of the amended complaint based on a finding of immunity under the Act.

Finally, defendant Board argues in its brief on appeal that, regardless of whether it is immune from liability under the Act, it had no legal duty to disclose to plaintiff the presence of asbestos on the property. Because this issue was not presented to or ruled upon by the trial court and is not properly an issue on appeal, we will not discuss it.

For the foregoing reasons, the judgment of the circuit court of Madison County dismissing with prejudice plaintiff's amended complaint is hereby reversed, and this cause is remanded for further proceedings not inconsistent with this order.

Reversed and remanded.

LEWIS, P.J., and MAAG, J., concur.