BERENICE N. McGURK, Guardian of Michael T. McGurk, a Disabled Person, Plaintiff-Appellee, v. LINCOLNWAY COMMUNITY SCHOOL DISTRICT No. 210, Defendant-Appellant.

Third District    No. 3—96—0563

Opinion filed April 18, 1997.

BRESLIN, J., dissenting.

Dinah Lennon Archambeault and E. Kent Ayers, both of Spesia, Ayers, Ardaugh & Wunderlich, of Joliet, for appellant.

Thomas P. Naughton, of Law Offices of Naughton & Markese, of Joliet, for appellee.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Berenice N. McGurk, as guardian of her disabled son, Michael, filed suit alleging that Lincolnway Community School District No. 210 was negligent in furnishing and modifying Michael's football helmet. The school district filed a motion to dismiss, alleging that it is immune from suit under the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2—101 et seq. (West 1992)). The trial judge denied the motion but permitted the district to appeal pursuant to Supreme Court Rule 308. 134 Ill. 2d R. 308.

Plaintiff's complaint alleged that the negligence of Lincolnway Community High School District resulted in the severe and permanent closed head injuries that Michael sustained during a football game. Specifically, plaintiff alleged that the school district breached its duty to exercise ordinary care when it furnished Michael with an "All American MaxPro Model 2001" football helmet, but subsequently modified the helmet by removing the Shockblocker II safety system and replacing it with a static face guard.

On appeal, the central issue is whether the Tort Immunity Act (745 ILCS 10/1—101 et seq. (West 1994)) immunizes high school districts from alleged acts of negligence pertaining to the providing of athletic equipment to students. We hold that the Tort Immunity Act provides such immunity.

■ In *Gerrity v. Beatty*, 71 Ill. 2d 47, 51-53, 373 N.E.2d 1323, 1325-26 (1978), the supreme court held that the *in loco parentis* provi-

sions of sections 24—24 and 34—84a of the School Code (Ill. Rev. Stat. 1973, ch. 122, pars. 24—24, 34—84a (now 105 ILCS 5/24—24, 34—84a (West 1994))) did not immunize school districts from the duty to exercise ordinary care in providing students with equipment for athletic activities. In *Lynch v. Board of Education of Collinsville Community Unit District No. 10*, 82 Ill. 2d 415, 412 N.E.2d 447 (1980), the supreme court clarified the nature of this duty:

> "[W]e think a school district has an affirmative duty, where students are engaging in school activities, whether they are extracurricular, or formally authorized as part of the school program, to furnish equipment to prevent serious injuries. At the least, a school district should furnish helmets and face guards for a game such as football, where head injuries are common and severe." *Lynch*, 82 Ill. 2d at 434-35, 412 N.E.2d at 459.

Recently, in *Palmer v. Mt. Vernon Township High School District 201*, 169 Ill. 2d 551, 662 N.E.2d 1260 (1996), the supreme court again reaffirmed the existence of a school district's duty to exercise ordinary care; however, the court also noted the limits of school districts' obligations:

> "The school district had an obligation to provide to all students, including [plaintiff], the safety equipment that was reasonably necessary in order to protect players from reasonably foreseeable, serious bodily injury. *** We decline [plaintiff's] invitation to impose upon the school district a duty to warn students that they should purchase and wear safety equipment ***." *Palmer*, 169 Ill. 2d at 560, 662 N.E.2d at 1264.

It is important to note that *Gerrity*, *Lynch* and *Palmer* addressed the immunity and duties of school districts under the School Code; none of these cases pertained to the Tort Immunity Act.

Plaintiff contends that these decisions are antithetical to the application of the Tort Immunity Act. Specifically, plaintiff argues that if we were to hold that the Tort Immunity Act applies in cases such as this, we effectively would be "killing off" the duty recognized in *Gerrity*, *Lynch* and *Palmer*.

■ Section 2—109 of the Tort Immunity Act provides that a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2—109 (West 1994). In turn, a public employee is not liable for an injury resulting from an act or omission when exercising discretion. 745 ILCS 10/2—201 (West 1994).

In *Bowers v. Du Page County Board of School Trustees District No. 4*, 183 Ill. App. 3d 367, 539 N.E.2d 246 (1989), a school district's motion to dismiss was granted on the basis of the Tort Immunity Act. The appellate court held that "the School Code and the Tort Im-

munity Act are to be interpreted independently of one another." *Bowers*, 183 Ill. App. 3d at 377, 539 N.E.2d at 253. Under the Tort Immunity Act, the analysis focuses upon whether the alleged acts or omissions involve discretion. In *Bowers*, the court concluded that the supply and use of particular equipment constitute discretionary acts. *Bowers*, 183 Ill. App. 3d at 379, 539 N.E.2d at 254. Accordingly, the court affirmed the dismissal of the negligence count against the school district.

■ The distinction between the School Code and the Tort Immunity Act is well established, predating all of the above-mentioned cases. See *Kobylanski v. Chicago Board of Education*, 63 Ill. 2d 165, 174, 347 N.E.2d 705, 710 (1976) ("[t]he immunity conferred upon educators by sections 24—24 and 34—84a [of the School Code] *** is not derived from the Tort Immunity Act"). Further, the selection and modification of specific athletic equipment involve a degree of discretion. We hold that the circuit court erred in ruling that the Tort Immunity Act did not immunize the school district for alleged negligence.

Nonetheless, our holding should not be construed as "killing off" the duty recognized in *Gerrity, Lynch* and *Palmer*. Section 2—201 of the Tort Immunity Act does not provide an absolute blanket of immunity to all public entities; rather, it provides immunity for public employees involved in the determination of public policy or the exercise of discretion, "*[e]xcept as otherwise provided by Statute.*" 745 ILCS 10/2—201 (West 1992).

One such exception is found in section 3—109 of the Tort Immunity Act. 745 ILCS 10/3—109 (West 1992). Section 3—109 provides that public entities and employees are not liable to persons participating in hazardous recreational activities, including body contact sports; however, immunity does not extend to willful and wanton acts that are the proximate causes of injury. 745 ILCS 10/3—109(a), (b) (West 1992). Football is unquestionably a body contact sport, *i.e.*, a sport in which it is reasonably foreseeable that there will be rough bodily contact with one or more participants. 745 ILCS 10/3—109(b)(3) (West 1992). Thus, under the plain language of section 3—109, the legislature exempted willful and wanton conduct from the immunity extended to cases involving body contact sports such as football. See *Barnett v. Zion Park District*, 171 Ill. 2d 378, 391, 655 N.E.2d 808, 814 (1996).

As noted above, we have reviewed this case pursuant to Supreme Court Rule 308. 134 Ill. 2d R. 308. "Review by the appellate court pursuant to Supreme Court Rule 308 is limited to those questions certified by the trial court." *Thompson v. Walters*, 207 Ill. App. 3d

531, 533, 565 N.E.2d 1385, 1387 (1991). Since the question before this court does not address the issue of willful and wanton conduct, we decline to make any finding or enter any order pertaining to that issue.

The certified question of the circuit court of Will County is answered.

Certified question answered.

HOLDRIDGE, J., concurs.

JUSTICE BRESLIN, dissenting:

Because I believe that providing football helmets to students is a ministerial act that must be carried out with ordinary care, I respectfully dissent.

Lincolnway asserts that the Tort Immunity Act (745 ILCS 10/1— 101 *et seq.* (West 1994)) provides immunity in this case because, although it had a duty to provide a helmet, whether or not to provide a Shockblocker II was a discretionary act. It relies on *Bowers v. Du Page County Regional Board of School Trustees District No. 4,* 183 Ill. App. 3d 367, 539 N.E.2d 246 (1989). In *Bowers,* the court held that the provision of equipment for physical education classes was a discretionary act over which the school board enjoyed immunity. The court reasoned that since the School Code did not direct that the board use or supply particular equipment, the provision of equipment was a discretionary act to which the Tort Immunity Act applied. I disagree.

School districts have long had the duty to provide safety equipment for athletic activities (*Palmer v. Mt. Vernon Township High School District 201,* 169 Ill. 2d 551, 662 N.E.2d 1260 (1996)), including football helmets and face guards for football games. *Lynch v. Board of Education of Collinsville Community Unit District No. 10,* 82 Ill. 2d 415, 412 N.E.2d 447 (1980). Acting pursuant to that duty is acting ministerially. See *Thomas v. Chicago Board of Education,* 60 Ill. App. 3d 729, 377 N.E.2d 55 (1978), *rev'd on other grounds,* 77 Ill. 2d 165, 395 N.E.2d 55 (1979) (furnishing of equipment is a function separate and apart from discretionary authority). Although some elements of discretion may be present, inherent in the performance of every ministerial act is an element of discretion. See *Bonnell v. Regional Board of School Trustees,* 258 Ill. App. 3d 485, 630 N.E.2d 547 (1994). In my opinion, since the board was required to provide helmets to students, doing so was a ministerial act that must be carried out with ordinary care. Therefore, I would hold that the board was not granted immunity by the Tort Immunity Act.