29 July 1999

       No. 3-98-0470WC 

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

INDUSTRIAL COMMISSION DIVISION

WESTINGHOUSE AIRBRAKE CO.,

Appellant,

v.

THE INDUSTRIAL COMMISSION 
et
 
al
.

(Ophie D. Brook, surviving spouse of Lawrence H. Brook, Appellee).

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court of Peoria County.

No.  97-MR-179

Honorable

Richard E. Grawey,

Judge, Presiding.

HOWARD PRINTING COMPANY and CNA INSURANCE COMPANIES,

Appellants,

v.

THE INDUSTRIAL COMMISSION 
et
 
al
.

(Bertha Heller, surviving spouse of Lyle Heller, Appellee).

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court of Peoria County.

No.  97-MR-108

Honorable

Richard E. Grawey,

Judge, Presiding.

HOWARD PRINTING COMPANY and CNA INSURANCE COMPANIES,

Appellants,

v.

THE IND

UST

RIAL COMMISSION 
et
 
al
.

(Lyle Heller, Appellee).)

)

)

)

)

)

)

)

)

)

App

eal fro

m the Cir

cui

t Cou

rt of Peo

ria Cou

nty

.

No.  97-

MR-

109

Hon

ora

ble

Ric

har

d E. Gra

wey

,

Jud

ge, Pre

sid

ing

.

JUSTICE COLWELL delivered the opinion of the court:

This matter comes before the court as an interlocutory appeal pursuant to Supreme Court Rule 308(a).  155 Ill. 2d R. 308(a).  We are asked to determine the following questions of law:

"(a)  Whether claims for injuries due to asbestos exposure can be brought under the Workers’ Compensation Act.

(b)  Whether Section 1(f) of the Occupational Disease (
sic
) Act applies to claims of injury from asbestos exposure once such claim is brought under the Workers’ Compensation Act.

(c)  Whether in cases 97 MR 108 and 97 MR 109 the Circuit Court is deprived of subject matter jurisdiction where the plaintiff received the Industrial Commission’s Decisions on February 27, 1997, delivered her request for summons and required fees to the Circuit Court Clerk on March 19, 1997, during regular office hours and prior to closing time of the clerk’s office, but where the request for summons was not file stamped until March 20, 1997, but prior to opening of the Clerk’s office."

Appellate court review pursuant to Supreme Court Rule 308(a) is limited to those questions certified by the trial court.  
McGurk v. Lincolnway Community School District No. 210
, 287 Ill. App. 3d 1059, 1062 (1997).

PROCEDURAL HISTORY

Claimant, Lyle Heller (Lyle), retired from his employment with respondent, Howard Printing Company (Howard), in 1978.  On October 15, 1992, Lyle filed an application for adjustment of claim (No. 92-WC-52213) against Howard under the provisions of the Workers’ Occupational Diseases Act (820 ILCS 310/1 
et
 
seq
. (West 1996))
.  Lyle later filed an additional application for adjustment of claim (No. 93-WC-05197) against Howard, also under the provisions of the Occupational Diseases Act.  Subsequently thereafter, Lyle Heller amended his applications to include respondent, CNA Insurance Companies (CNA).  In addition, Lyle  amended his applications to seek benefits under the provisions of the Workers’ Compensation Act (820 ILCS 305/1 
et
 
seq
. (West 1996)), rather than the Occupational Diseases Act.  When Lyle died in 1994, claimant, Bertha Heller (Bertha), Lyle’s widow, filed an application for adjustment of claim (No. 95-WC-13909) on March 14, 1995, against respondents, Howard and CNA, seeking benefits under the provisions of the Workers’ Compensation Act.

Lawrence H. Brook (Lawrence) last worked for respondent, Westinghouse Airbrake Co. (Westinghouse), on January 31, 1976.  Lawrence died on August 15, 1993.  On June 19, 1995, claimant, Ophie D. Brook, Lawrence’s surviving spouse, filed an application for adjustment of claim (No. 93-WC-39505) against Westinghouse seeking benefits under the provisions of the Workers’ Compensation Act.

In each case, the respondents filed motions to dismiss, and the arbitrator dismissed the claimants’ applications.  The arbitrator found that the claimants improperly filed their claims under the Workers’ Compensation Act and that the statute of limitations in section 1(f) of the Occupational Diseases Act barred their claims.

Each of the claimants filed petitions for review, and the Commission affirmed.  In the Heller appeals, the Commission affirmed and adopted the arbitrator’s decision and further added that even if the Heller claims were considered repetitive or specific trauma cases, there was no manifestation or disablement until 1991, and therefore those cases would fail since there was no statutory notice.  In the Brook appeal, the Commission affirmed and adopted the arbitrator’s decision without further comment.

The claimants in each case sought judicial review, and the circuit court of Peoria County consolidated all of the cases (Bertha, 97-MR-108; Lyle, 97-MR-109; and Brook 97-MR-179).  The circuit court then reversed and remanded each of the cases.  The circuit court also granted the parties’ motion for a rule 308(a) finding.

This court granted the claimants’ petitions for leave to appeal pursuant to Supreme Court Rule 308(a) and further granted Westinghouse’s motion to consolidate the appeals (Heller, 3-98-

0470; and Brook, 3-98-0475) under case number 3-98-0470.

ANALYSIS

I.  APPELLATE JURISDICTION OF BROOK APPEAL

Prior to considering the merits of an appeal, we are duty bound to determine whether the appeal has been properly taken so as to invoke our jurisdiction.  
Bell Federal Savings and Loan Ass’n v. Bank of Ravenswood
, 203 Ill. App. 3d 219, 223 (1990).  In the Brook appeal, the parties waived their right to oral argument before the Commission and further waived their right to have a majority of commissioners decide the appeal.  Instead, the parties agreed that only one commissioner would decide the appeal.  As a result, the Commission’s decision is signed by Commissioner Barry A. Ketter only.

Section 19(e) of the Workers’ Compensation Act currently provides, in pertinent part:

"A decision of the Commission shall be approved by a majority of Commissioners present at such hearing if any; provided, 
if no such hearing is held, a decision of the Commission shall be approved by a majority of a panel of 3 members of the Commission as described in this section
." (Emphasis added.) 820 ILCS 305/19(e) (West 1996).

Because a majority of a panel of three commissioners did not approve the Commission’s decision, we find that the Commission’s decision is not valid.

The question then is whether the parties may waive the requirements of the Workers’ Compensation Act.  The legislature is vested with the power to enact laws (
People v. Garner
, 147 Ill. 2d 467, 475 (1992)), and a statute must be enforced as enacted by the legislature.  
Raintree Health Care Center v. Human Rights Comm’n
, 173 Ill. 2d 469, 490-91 (1996).  A court is not free to rewrite legislation, or to ignore an express requirement contained in a statute.  
People v. Palmer
, 148 Ill. 2d 70, 88 (1992).  If we cannot rewrite the requirements of the Workers’ Compensation Act, then the parties cannot ignore or rewrite legislation and usurp the legislature’s authority to enact laws.

Based on the foregoing, this court has no jurisdiction to entertain the Brook appeal.  Accordingly, we dismiss the Brook appeal and remand that cause to the Commission to enter a valid decision.  As a result, we will address the merits of the Heller appeals only.

II.  CLAIMS FOR INJURY UNDER THE WORKERS’ COMPENSATION ACT

The first certified question on appeal asks us to decide whether a claimant may bring a claim for injuries due to asbestos exposure under the Workers’ Compensation Act.  Because Lyle’s claims and Bertha’s claim are separate claims (
Goodson v. Industrial Comm’n
, 190 Ill. App. 3d 16, 18 (1989)), we must first determine which version of the Workers’ Compensation Act applies to their claims.

A worker’s rights under the Workers’ Compensation Act are governed by the law in effect at the time of injury.  
Wilson-

Raymond Constructors Co. v. Industrial Comm’n
, 79 Ill. 2d 45, 51 (1980).  A survivor’s claim for death benefits, however, is controlled by the law in effect on the date of the worker’s death, not the law at the time of injury.  
Goodson
, 190 Ill. App. 3d at 18.  Therefore, the law in effect in 1978, the date of Lyle’s retirement and consequently his last exposure, controls Lyle’s claims, and the law in effect in 1994, the date of Lyle’s death, controls Bertha’s claim.

In 1984, the legislature twice amended section 6(d) of the Workers’ Compensation Act to include references to asbestos.  See Pub. Act 83--1051, eff. July 1, 1984 (adding reference to asbestos in third paragraph) and Pub. Act 83--1125, eff. June 30, 1984 (thrice inserting "or asbestos").  As a result, in 1994, section 6(d) provided:

"(d) Every employer shall notify each injured employee who has been granted compensation under the provisions of Section 8 of this Act of his rights to rehabilitation services and advise him of the locations of available public rehabilitation centers and any other such services of which the employer has knowledge.

In any case, other than one where the 
injury
 was caused by exposure to radiological materials or equipment 
or asbestos
 unless the application for compensation is filed with the Commission within 3 years after the date of the accident, where no compensation has been paid, or within 2 years after the date of the last payment of compensation, where any has been paid, whichever shall be later, the right to file such application shall be barred.

In any case of 
injury
 caused by exposure to radiological materials or equipment 
or asbestos
, unless application for compensation is filed with the Commission within 25 years after the last day that the employee was employed in an environment of hazardous radiological activity 
or asbestos
, the right to file such application shall be barred.

If in any case except one where the 
injury
 was caused by exposure to radiological materials or equipment 
or asbestos
, the 
accidental injury
 results in death application for compensation for death may be filed with the Commission within 3 years after the date of death where no compensation has been paid or within 2 years after the date of the last payment of compensation where any has been paid, whichever shall be later, but not thereafter.

If an 
accidental injury
 caused by exposure to radiological material or equipment 
or asbestos
 results in death within 25 years after the last day that the employee was so exposed application for compensation for death may be filed with the Commission within 3 years after the date of death, where no compensation has been paid, or within 2 years after the date of the last payment of compensation where any has been paid, whichever shall be later, but not thereafter.
"  (Emphasis added.) 820 ILCS 305/6(d) (West 1994).

These references to asbestos in section 6(d) were the first references, and are the only references, to asbestos in the Workers’ Compensation Act.  In 1978, section 6(d) contained no references to asbestos.

The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature.  
People ex rel. Baker v. Cowlin
, 154 Ill. 2d 183, 197 (1992).  In determining the legislative intent, a court should first consider the statutory language.  
Cowlin
, 154 Ill. 2d at 197.  Thus, statutory construction begins with the plain meaning of the language employed, and ends there when the meaning is clear.  
People v. Porter
, 156 Ill. 2d 218, 222 (1993).

According to the plain language of section 6(d) in 1994, we find that the legislature intended to include claims for accidental injury caused by exposure to asbestos and claims for accidental injury caused by exposure to asbestos that results in death within the province of the Workers’ Compensation Act.  Prior to the 1984 amendments, however, the Workers’ Compensation Act did not allow claims for injury as a result of asbestos exposure.  As a result, we must answer the first question in the affirmative with respect to Bertha’s claim but in the negative with respect to Lyle’s claims.  Consequently, Lyle’s claims are dismissed, and we remand Bertha’s claim to the Commission for further proceedings consistent with this opinion.

We note that our holding is limited to the question of law presented under Supreme Court Rule 308(a).  See 
McGurk
, 287 Ill. App. 3d at 1062 (review pursuant to Supreme Court Rule 308(a) is limited to those questions certified by the trial court).  Therefore, we will not decide whether Lyle’s malignant mesothelioma is an injury covered by the Workers’ Compensation Act (see 820 ILCS 305/28 (West 1996)("[The Workers’ Compensation Act] shall apply to all accidental injuries and deaths ***."); see also 820 ILCS 305/2, 305/6(d), 305/7, 305/8, 305/11 (West 1996)), or a disease covered by the Occupational Diseases Act (see 820 ILCS 310/27 (West 1996)("[The Occupational Diseases Act] shall apply to all occupational diseases *** and deaths ***."); see also 820 ILCS 310/1(d),(e),(f), 310/2(b), 310(3), 310/5(a) (West 1996)), although this question will certainly be an issue on remand.

The Workers’ Compensation Act allows claims for injury or resultant death as a result of asbestos exposure, but it does not allow claims for disease or resultant death as a result of exposure to asbestos.  Such claims must be brought under the Occupational Diseases Act.  We further note that numerous cases contain references to mesothelioma as a disease (see 
United States Gypsum Co. v. Admiral Insurance Co.
, 268 Ill. App. 3d 598 (1994); 
Costa v. Keystone Steel and Wire Co.
, 267 Ill. App. 3d 683 (1994); 
Hartman v. Pittsburgh Corning Corp.
, 261 Ill. App. 3d 706 (1994); 
Wehmeier v. UNR Industries, Inc.
, 213 Ill. App. 6 (1991); 
Owens-Corning Fiberglas Corp. v. Industrial Comm’n
, 198 Ill. App. 3d 605 (1990)) and as a cancer (see 
Risch v. Paul J. Krez Co.
, 287 Ill. App. 3d 194 (1997); 
Nelson v. Keene Corp.
, 283 Ill. App. 3d 7 (1996); 
Barry v. Owens-Corning Fiberglas Corp.
, 282 Ill. App. 3d 199 (1996); 
Hefner v. Owens-Corning Fiberglas Corp.
, 276 Ill. App. 3d 1099 (1995); 
Adcock v. Brakegate, Ltd.
, 164 Ill. 2d 54 (1994); 
Kurrack v. American District Telegraph Co.
, 252 Ill. App. 3d 885 (1993); 
Leng v. Celotex, Corp.
, 196 Ill. App. 3d 647 (1990); 
Blazek v. Nicolet, Inc.
, 173 Ill. App. 3d 324 (1988)), which is likewise referred to as a disease (see 
Lake Point Tower, Ltd. v. Human Rights Comm’n
, 291 Ill. App. 3d 897 (1997); 
Thacker v. UNR Industries, Inc.
, 151 Ill. 2d 343 (1992); 
In re Asbestos Cases
, 224 Ill. App. 3d 292 (1991); 
Gruidl v. Schell
, 166 Ill. App. 3d 276 (1988)).  As previously stated, however, this issue is not before us, and we will not address it.

III.  SECTION 1(f) OF THE OCCUPATIONAL DISEASES ACT

The next question is whether section 1(f) of the Occupational Diseases
 Act applies to claims of injury from asbestos exposure under the Workers’ Compensation Act.  In 1994, section 1(f) provided:

"(f) No compensation shall be payable for or on account of any 
occupational disease
 unless disablement, as herein defined, occurs within two years after the last day of the last exposure to the hazards of the 
disease
, except in cases of 
occupational disease
 caused by berylliosis or by the inhalation of silica dust or 
asbestos dust
 and, in such cases, within 3 years after the last day of the last exposure to the hazards of such 
disease
 and except in the case of 
occupational disease
 caused by exposure to radiological materials or equipment, and in such case, within 25 years after the last day of last exposure to the hazards of such 
disease
."  (Emphasis added.) 820 ILCS 310/1(f) (West 1994).

By its very terms, section 1(f) applies to claims for occupational disease caused by the inhalation of asbestos dust.  As previously stated, the Workers’ Compensation Act applies to injuries not diseases.  As a result, section 1(f) of the Occupational Diseases Act does not apply to claims for injury 
from asbestos exposure under the Workers’ Compensation Act.
  Therefore, we answer the second question in the negative.

IV.  CIRCUIT COURT JURISDICTION OF THE HELLER APPEALS

The final question concerns the circuit court’s jurisdiction of the Heller claims.  Since we previously found that Lyle’s claims are barred, we will address Bertha’s claim only.  The parties agree that 
Bertha timely delivered her request for summons and required fees to the circuit court clerk’s office for filing prior to closing but that the clerk inexplicably failed to file-stamp the request for summons until the following morning prior to opening.  Because Bertha presented her request for summons prior to closing, we find the holding in  
McReynolds v. Hartley
, 251 Ill. App. 3d 1038 (1993), where the petition for judicial review was presented after hours, to be distinguishable.  We further find that Bertha had a right to rely on the circuit court clerk to timely file-stamp her request for summons.  
Azim v. Department of Central Management Services
, 164 Ill. App. 3d 298, 301 (1987)(finding that the plaintiff’s attorney in an administrative review had a right to rely on the assurances of an employee of the clerk’s office that a complaint would be timely file-stamped).
  Thus, the circuit court possessed subject matter jurisdiction of Bertha’s appeal. 

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed in part and reversed in part and this matter is remanded to the Commission for further proceedings consistent with this decision.

Affirmed in part and reversed in part; cause remanded.

McCULLOUGH, P.J., and RAKOWSKI, HOLDRIDGE and RARICK, JJ., concur.