No. 2--06--0514     Filed: 5-4-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| REINHARD R. GELLERT | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 05--AR--738 |
| | ) | |
| JILL A. JACKSON, | ) | Honorable |
| | ) | Michael T. Caldwell, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, Reinhard R. Gellert, appeals from the entry of judgment on an arbitration decision that rejected the claims in his suit and from the trial court's denial of his motion to vacate that judgment. The court entered judgment on the arbitration decision because it found that plaintiff filed his rejection of it too late. Plaintiff contends that his rejection of the arbitration decision was timely because the office of the circuit court clerk was closed at 4:40 p.m. on March 13, 2006, when he tried to file the rejection, even though a local rule required the office to be open until 5 p.m. We agree that the local rule required the office to be open to 5 p.m. We further agree that plaintiff's being at the office to file the rejection at 4:40 p.m. that day would be a basis on which the trial court should vacate the judgment. We therefore vacate the trial court's denial of the motion to vacate, and we remand the matter for the court to reconsider the motion.

Plaintiff sued defendant, Jill A. Jackson, for malicious prosecution and intentional infliction of emotional distress. He asked for damages of $16,000. Therefore, under Supreme Court Rules 86(b) and (c) (155 Ill. 2d Rs. 86(b), (c)) and 19th Judicial Circuit Court Rule 17.01(c) (19th Judicial Cir. Ct. R. 17.01(c) (eff. March 1, 2002)), this was a mandatory arbitration case. On February 10, 2006, the arbitrators found for defendant. On Tuesday, March 14, 2006, plaintiff filed a notice of rejection. Supreme Court Rule 93 (166 Ill. 2d R. 93) gives a party 30 days to reject a decision; the thirtieth day here fell on Sunday, March 12. Therefore, plaintiff filed his rejection a day late. On March 15, 2006, the court held a hearing to consider entry of judgment on the arbitration decision. At the hearing, plaintiff explained that he was running close to the deadline because he had been trying to fax a copy of the rejection to defendant's lawyer. His representations suggest that he believed that he needed proof of defendant's receipt of the rejection notice before he could file the notice with the clerk. The court entered judgment on the arbitration decision; it ruled that the rejection was untimely.

Plaintiff filed a timely motion to vacate the judgment. In it, he asserted that he had arrived at the entrance to the McHenry county courthouse at exactly 4:40 p.m. on March 13, 2006, but that security personnel told him that the courthouse closed at 4:30 p.m. He further asserted that he was there to file three "motions," one of which was the rejection. Finally, plaintiff noted that Rule 1.11(c) of the 19th Circuit states:

> "The Office of Clerk of the Circuit Court will be open for business from 8:30 A.M. until 5:00 P.M., except Saturday, Sunday and holidays as prescribed annually by Administrative Order. Upon request of the Clerk of the Circuit Court, and upon approval by

the Chief Judge, hours may be expanded." 19th Judicial Cir. Ct. R. 1.11(c) (eff. January 2, 1997).

Attached to the motion was an affidavit in which plaintiff averred that he had arrived at the court at 4:40 p.m. to file "three motions" and that the clerk's office was closed.

Defendant responded, asserting that plaintiff had failed to allege that he tried to file the rejection on the 13th; however, a careful reading of the motion rebuts that assertion. Defendant also asserted that the government center is closed every business day at 4:30 p.m. by order of the sheriff and the court. She did not explain what these orders were or how they superceded the rules.

The court heard argument from the parties on the motion. Its questions to plaintiff focused on why he was trying to file at the last minute. It denied the motion, making no findings of fact concerning the truth of the motion's allegations. On appeal, plaintiff asserts that, because the rules obligated the clerk to have the office open when plaintiff tried to file his rejection, the court should have deemed the rejection timely and vacated the judgment in favor of defendant. Defendant has not filed an appellate brief, but this appeal is amenable to decision on the merits under the principles of First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976).

We review for an abuse of discretion a court's decision on a motion to vacate a judgment. Mann v. Upjohn Co., 324 Ill. App. 3d 367, 377 (2001). Here, if one accepts as true that plaintiff tried to file the rejection at 4:40 p.m. on March 13, 2006, the judgment was a direct consequence of the clerk's office being closed when Rule 1.11(c) required it to be open. As we explain, that would be a basis on which the trial court should have vacated the judgment. It should have denied plaintiff's motion only if it rejected his factual allegations.

A trial court has the power under Supreme Court Rule 183 (134 Ill. 2d R. 183) to extend the time for filing a rejection of an arbitration decision for good cause, even after the filing deadline is past. Ianotti v. Chicago Park District, 250 Ill. App. 3d 628, 631 (1993). Thus, we see no insurmountable barrier, such as a lack of jurisdiction, to a court's allowing a case to proceed despite a technically untimely rejection of an arbitration decision.

We find in the case law no precise parallel to the circumstances here. However, such precedent as exists suggests that, where the untimeliness of a filing is attributable to the clerk, a court should deem the filing timely. Azim v. Department of Central Management Services, 164 Ill. App. 3d 298 (1987), and Westinghouse Airbrake Co. v. Industrial Comm'n, 306 Ill. App. 3d 853, 860 (1999), are the cases most directly on point. In Azim, a Third District panel held that an administrative review summons should be deemed timely when the clerk issued the summons late because the plaintiffs relied on incorrect information from a clerk's employee regarding procedures for issuance. Azim, 164 Ill. App. 3d at 301. The clerk's employee had mistakenly told the plaintiffs that the clerk would issue the summons even though the plaintiffs had failed to send a required fee. Azim, 164 Ill. App. 3d at 301. In Westinghouse Airbrake, the Industrial Commission Division, following Azim, held that an administrative review plaintiff's request for summons was timely, even though the clerk had given it a file stamp that showed it to be late. Westinghouse Airbrake Co., 306 Ill. App. 3d at 860. The plaintiff had given the request for summons to the clerk before the deadline, but the clerk had not properly stamped it. Westinghouse Airbrake Co., 306 Ill. App. 3d at 860. In each case, the clerk's office was the cause of a party's untimely action, and in each case, the reviewing court held that the action in question should be deemed timely.

The closure of the clerk's office earlier than Rule 1.11(c) permitted would make the untimeliness here attributable to the clerk. Rule 1.11(c) states that the "Office of Clerk of the Circuit Court will be open for business from 8:30 A.M. until 5:00 P.M., except Saturday, Sunday and holidays as prescribed annually by Administrative Order."[1] 19th Judicial Cir. Ct. R. 11.1(c) (eff. January 2, 1997). Thus, when a party arrives with a filing on a business day before 5 p.m., the clerk's office ought to be open to accept his or her filing. That the early closing may have been widely known in the community, and indeed, may have been known to plaintiff, does not change the result. We can see no possible justice in penalizing a party when it is the court that has failed to follow its own rule.

If the trial court accepts the allegations in plaintiff's motion to vacate, it must grant the motion. We therefore vacate the denial of the motion to vacate, and we remand the matter for further proceedings on the motion. In those proceedings, the court should limit itself to deciding the truth of plaintiff's assertions in the motion. If it finds that, before 5 p.m. on the rejection's due date, plaintiff was at the building containing the clerk's office, with the rejection fully ready for filing, but the office was closed, it should grant plaintiff's motion to vacate.

Vacated and remanded with directions.

McLAREN and GILLERAN JOHNSON, JJ., concur.

---

[1]Under the rule, only holidays, not hours, can be set by administrative order. Under the last antecedent doctrine, qualifying words or phrases in a statute or similar provision modify only the immediately preceding words or phrases, and not those that are more remote. See Bowman v. American River Transportation Co., 217 Ill. 2d 75, 83 (2005) (stating the doctrine for statutes).