# Illinois Official Reports

## Appellate Court

---

### *Alwan v. Kickapoo-Edwards Land Trust*, 2018 IL App (3d) 170165

---

| | |
|---|---|
| Appellate Court Caption | WILLIAM N. ALWAN, Plaintiff-Appellee, v. KICKAPOO-EDWARDS LAND TRUST, CENTENNIAL TRUST, VILLENEAUVE TRUST, and DENNIS P. LAHOOD, Defendants. –THOMAS RAFOOL, Executor of the Estate of Joseph E. Rafool, Deceased, and WILLIAM N. ALWAN, Plaintiffs, v. DAVID COURI, VILLENEAUVE DEVELOPMENT COMPANY PARTNERSHIP, CENTENNIAL LAND TRUST AND PARTNERSHIP, and KICKAPOO-EDWARDS LAND TRUST AND PARTNERSHIP, Defendants (Phillip E. Couri, Intervenor-Appellant). |
| District & No. | Third District<br>Docket No. 3-17-0165 |
| Filed | January 3, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, Nos. 07-L-334, 08-L-20; the Hon. Lisa Y. Wilson, Judge, presiding. |
| Judgment | Certified question answered. |
| Counsel on Appeal | Phillip E. Couri, of Winnetka, intervenor-appellant *pro se*.<br><br>James W. Springer and Bruce E. Thiemann, of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellee. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.

Justices McDade and Schmidt concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff William N. Alwan brought actions alleging defendant partnerships, Dennis LaHood, and David Couri improperly terminated him from the partnerships. The trial court found that the Uniform Partnership Act (1997) (805 ILCS 206/100 *et seq.* (West 2016)) applied to the complaint. Phillip E. Couri (Couri), who is representing his interests *pro se* as a partnership member, argued the Uniform Partnership Act (805 ILCS 205/1 (West 1996)) applied. The trial court certified a question for appellate review regarding which act applied and Couri appealed under Illinois Supreme Court Rule 308 (eff. July 1, 2017). We affirm.

¶ 2                                    FACTS

¶ 3    Plaintiff William Alwan filed a complaint against the defendant partnerships, Kickapoo-Edwards Land Trust, Centennial Trust, Villeneauve Trust, and Dennis LaHood, the partnerships' managing partner (No. 07-L-334). In his complaint, Alwan alleged he was improperly terminated as a partner and denied income, profits, and access to the partnership records. Alwan, along with plaintiff Thomas Rafool, executor of the estate of Joseph E. Rafool, deceased, filed a second complaint against defendants Kickapoo-Edwards Land Trust and Partnership, Centennial Land Trust and Partnership, Villeneauve Development Company Partnership, and David Couri (No. 08-L-20). Both complaints are filed against the same partnership defendants, despite the differences in the names in the captions. The cases were consolidated in the trial court.

¶ 4    Centennial Trust ceased doing business in 2013, and Kickapoo-Edwards Land Trust stopped operations in 2014. In June 2015, Alwan moved to disqualify Couri from representing the partnerships due to a conflict of interest. Following a hearing, the trial court granted Alwan's motion and disqualified Couri from representing the partnerships. Couri and the partnerships moved for reconsideration, which was heard and denied. A new attorney filed an appearance for the partnerships, and Couri filed an appearance as an interested party as a member of two of the partnerships. Alwan moved to strike Couri's *pro se* appearance.

¶ 5    The trial court entered an order on October 24, 2016, with the following findings: the partnerships were created under the Uniform Partnership Act (805 ILCS 205/1 (West 1996)) (1917 Act); none of the partnerships took affirmative steps to fall under the Uniform Partnership Act (1997) (1997 Act) (805 ILCS 206/100 *et seq.* (West 2016)); and the 1917 Act governed. The trial court also found that Couri was an interested party and denied Alwan's request to strike Couri's appearance. Alwan moved for reconsideration, which the trial court granted in part. On reconsideration, the court found that the 1997 Act applied and certified a question for appellate review:

> "Whether application of the Uniform Partnership Act of 1997, 805 ILCS 206/1206(b), becomes mandatory for all partnerships, including existing partnerships formed in 1976-1978, pursuant to the Partnership Act of 1917, 805 ILCS 205/1 et

seq., that failed to take any action or elect to be governed by the Uniform Partnership Act of 1997."

¶ 6    Couri sought leave to appeal to this court pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017). We granted leave. No other parties have appealed.

¶ 7                                        ANALYSIS

¶ 8    On appeal, Couri argues that the 1917 Act applies and the trial court erred when it determined that the 1997 Act was applicable. Couri submits that the trial court's retroactive application of the 1997 Act served to diminish vested rights he had under the 1917 Act, thus making the trial court's application of the 1997 Act improper and violative of his due process rights.

¶ 9    A party may appeal an interlocutory order not otherwise appealable when the trial court finds the order involves a question of law on which there is substantial ground for a difference of opinion and the termination of the litigation will be materially advanced by an immediate appeal. Ill. S. Ct. R. 308(a) (eff. July 1, 2017). When considering a certified question on review, the court is limited to the question presented. *McGurk v. Lincolnway Community School District No. 210*, 287 Ill. App. 3d 1059, 1062-63 (1997) (citing *Thompson v. Walters*, 207 Ill. App. 3d 531, 533 (1991)). We review *de novo* questions certified under Rule 308. *Merritt v. Department of State Police*, 2016 IL App (4th) 150661, ¶ 13.

¶ 10   When interpreting a statute, the court gives the statutory language its plain and ordinary meaning to determine the legislature's intent. *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 16. Where the language is unambiguous, a court should not read exceptions, limitations, or conditions into the statute's plain language. *Id.* Clear and unambiguous language must be applied without relying on other aids of statutory construction. *Wisniewski v. Kownacki*, 221 Ill. 2d 453, 460 (2006). We review *de novo* issues of statutory interpretation. *Id.*

¶ 11   When legislation is new or amended, it applies to pending lawsuits and existing causes of action unless applying it would interfere with a vested right. *Dardeen v. Heartland Manor, Inc.*, 186 Ill. 2d 291, 295 (1999) (citing *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 289 (1996)). A vested right is one that is "so 'complete and unconditional' " that it is akin to a property right. *Id.* (quoting *Armstead*, 171 Ill. 2d at 291). There is no vested right to a statute's continuation or to a particular method of procedure prior to judgment. *Id.* at 299. "[P]rocedure is the machinery for carrying on the suit, including pleading, process, evidence, and practice." *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, ¶ 18.

¶ 12   To determine whether new legislation or an amendment should be applied prospectively or retrospectively, courts employ a three-step process. *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 442 (2005). The first step is to consider whether the legislature explicitly states an intent about retroactivity. *Id.* When the legislative intent is unclear, the next step is to decide whether the amendment is procedural or substantive in nature. *Id.* Lastly, if the statute is procedural, courts look at its retroactive impact, meaning whether it attaches new legal consequences to events that happened before the statute was amended. *Id.* Under Illinois law, courts do not need to go beyond the first step because the temporal reach will always be expressed either in the statute or by default in section 4 of the

Statute on Statutes (5 ILCS 70/4 (West 1998)). *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 331-32 (2006). Section 4 instructs that if new legislation or an amendment is procedural, it may be applied retrospectively, but if it is substantive, it may not be so applied. *Id.* at 331.

¶ 13    The 1917 Act defined "person" as "individuals" and "partnerships." 805 ILCS 205/2 (West 1996). It defined "partnership" as "an association of two or more persons to carry on as co-owners a business for profit." 805 ILCS 205/6(1) (West 1996). The 1997 Act defines "partnership" as "an association of 2 or more persons to carry on as co-owners a business for profit formed under Section 202 of this Act, predecessor law, or comparable law of another jurisdiction" and "person" as, *inter alia*, an individual or partnership. 805 ILCS 206/101(f), (j) (West 2016).

¶ 14    The 1997 Act further provides:

"§ 1206. Applicability.

(a) Before January 1, 2008, this Act governs only a partnership formed:

(1) on or after January 1, 2003, except a partnership that is continuing the business of a dissolved partnership under Section 33 of the superseded Uniform Partnership Act; and

(2) before January 1, 2003, that elects, as provided by subsection (c) of this Section, to be governed by this Act.

(b) On and after January 1, 2008, this Act governs all partnerships.

(c) Before January 1, 2008, a partnership voluntarily may elect, in the manner provided in its partnership agreement or by law for amending the partnership agreement, to be governed by this Act." 805 ILCS 206/1206(a)-(c) (West 2016).

¶ 15    In order to answer the certified question we must determine whether the 1997 Act had retroactive effect. We begin our analysis by considering whether the 1997 Act expressly states its temporal reach. We find it does. In section 1206 of the 1997 Act, the legislature mandated that the Act applies to all partnerships after January 1, 2008. 805 ILCS 206/1206(b) (West 2016). Under its plain language, the statutory provision applies regardless of when the partnerships were formed or whether the partnerships used the statute's opt-in provision to fall under the Act's authority before January 1, 2008. Contrary to Couri's assertions, it is immaterial for our determination when the partnerships were formed or if they opted in for earlier coverage under the 1997 Act. Under our interpretation of the Act, all partnerships fall under its authority after January 1, 1998. We thus find the 1997 Act applies to all partnerships after January 1, 2008.

¶ 16    While the parties did not offer, and we have not found, any Illinois law speaking to the issue before us, Alwan points to foreign cases that support the position the 1997 Act applies. In *Total Holdings USA, Inc. v. Curran Composites, Inc.*, 999 A.2d 873, 877-78 (Del. Ch. 2009), and *Robertson v. Jacobs Cattle Co.*, 830 N.W.2d 191, 199-200 (Neb. 2013), the courts found that after their effective dates, new versions of Uniform Partnership Act applied to all partnerships, including those formed prior to the statutes' effective dates. Because Illinois also adopted the Uniform Partnership Act, we consider these cases persuasive and further support for our interpretation that the 1997 Act applies. *Reed v. Doctor's Associates, Inc.*, 331 Ill. App. 3d 618, 622 (2002) (" 'judicial opinions from other jurisdictions interpreting [uniform acts] are given greater-than-usual deference' " (quoting *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 497 (2002))).

- 4 -

¶ 17        We answer the certified question in the affirmative. Application of the 1997 Act "becomes mandatory for all partnerships, including existing partnerships formed in 1976-1978, pursuant to the Partnership Act of 1917, 805 ILCS 205/1 et seq., that failed to take any action or elect to be governed by the Uniform Partnership Act of 1997."

¶ 18                                       CONCLUSION

¶ 19        For the foregoing reasons, the question certified by the circuit court of Peoria County is answered in the affirmative.

¶ 20        Certified question answered.