SIXTH DIVISION
March 14, 2008

No. 1-07-1297


| | | |
|---|---|---|
| *In re* ESTATE OF ERIC CAGE, Deceased | ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Sherlie Butler, | ) ) | |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 06 P 7610 |
| Lahienda Thompson, as Administrator of the Estate of Eric Cage, | ) ) ) ) ) | Honorable Jeffrey A. Malak, |
| Cross-petitioner-Appellee). | ) | Judge Presiding. |


JUSTICE O'MALLEY delivered the opinion of the court:

Petitioner Sherlie Butler appeals from the circuit court's order that denied Butler's petition for letters of administration and granted cross-petitioner Lahienda Thompson's cross-petition for letters of administration pertaining to the estate of decedent Eric Cage.  On appeal, Butler contends that the circuit court erred when the court determined that Thompson, who is the mother and court-appointed guardian of decedent's children, had a higher statutory preference of appointment as compared to Butler, who is decedent's sister, under certain provisions of the Probate Act of 1975 (755 ILCS 5/9-1 *et. seq.* (West 2006)) (the Act).  For the reasons that follow, we affirm.

BACKGROUND

In September 2006, decedent died as a result of a vehicle collision involving his vehicle and an unmarked Chicago police department vehicle. Decedent was survived by his three minor children, namely, Eric Cage, Jr., Eriel Cage, and Erin Cage. Thompson is the mother of decedent's three minor children, but she and decedent were never married.

On October 23, 2006, Butler filed a petition for letters of administration, wherein she sought to be appointed independent administrator of decedent's estate. In that petition, in pertinent part, Butler identified herself as decedent's sister. Butler also identified decedent's three minor children as individuals who were entitled to nominate or administer equally or in preference to her. In addition, Butler attached to her petition her affidavit, wherein she attested that Thompson was the mother of decedent's three minor children and those children lived with Thompson.

On October 24, 2006, the circuit court entered an order declaring decedent's heirship, which declared that decedent's three minor children were decedent's only heirs.

On October 25, 2006, the circuit court appointed Butler administrator to collect for decedent's estate.

On October 30, 2006, Thompson sent Butler's attorney a letter indicating that she was objecting to the appointment of

2

Butler as independent administrator of decedent's estate.

On December 19, 2006, the circuit court entered an order appointing Thompson the guardian of her and decedent's three minor children.

On December 20, 2006, the circuit court entered an order granting Thompson leave to file a cross-petition for letters of administration in connection with decedent's estate.

That same day, December 20, 2006, Thompson filed her cross-petition for letters of administration, wherein she sought to be appointed independent administrator of decedent's estate.  In that petition, in pertinent part, Thompson identified herself as guardian of decedent's three minor children and indicated that no one had a higher statutory preference to become the administrator of decedent's estate.

In January 2007, Butler responded to Thompson's cross-petition for letters of administration and urged the trial court to deny Thompson's cross-petition.  Butler maintained that Thompson was never married to decedent and was never related to decedent in any way.  According to Butler, the plain language of section 9-3 of the Act permitted the guardian of a minor, such as Thompson, to "only file letters of administration for the purpose of nominating someone in the order of preference (e.g. a spouse or sibling)."  Butler further argued that "there is no provision

3

in Section 9-3 allowing [Thompson], the guardian of a minor, the right to nominate someone outside the preference list, including herself."

In February 2007, Thompson replied and argued that she was qualified to act as an administrator of decedent's estate and had been appointed guardian of decedent's minor children. Thompson argued that as their guardian, she had a statutory right and authority to nominate on behalf of those minors. Thompson further argued that decedent's minor children had a higher statutory preference over Butler, who was decedent's sister.

In March 2007, the circuit court entered an order appointing Thompson independent administrator of decedent's estate. In particular, the court found that Thompson, as guardian of decedent's minor children, had preference over Butler, as a sibling of decedent, under section 9-3 of the Act. Accordingly, the court found that Thompson had preference over Butler to nominate herself as administrator of decedent's estate.

In April 2007, the circuit court denied Butler's motion to reconsider.

This appeal followed.

ANALYSIS

On appeal, Butler contends that the circuit court erred when the court determined, pursuant to section 9-3 of the Act (755

1-07-1297

ILCS 5/9-3 (West 2006)), that Thompson, as guardian of decedent's minor children, had a higher statutory preference of appointment as compared to Butler, as decedent's sibling.  Specifically, Butler asserts that under the plain statutory language of the Act decedent's minor children "never had the right to nominate on their own" and that "the only persons on the [statutory] preference list that Lahienda Thompson could nominate are the parents of Eric Cage and his siblings."

Because Butler presents an issue involving statutory construction, we review *de novo* the circuit court's interpretation of the applicable provisions of the Act.  In re Estate of Poole, 207 Ill. 2d 393, 401 (2003).  When we interpret a statute, we must ascertain and give effect to the legislature's intent, which is best indicated by the plain and ordinary meaning of the statutory language itself.  Wisniewski v. Kownacki, 221 Ill. 2d 453, 460 (2006).

Where the statutory language is clear and unambiguous, we must apply it without resorting to other aids of statutory construction.  Wisniewski, 221 Ill. 2d at 460.  However, a reviewing court must always presume that the legislature did not intend to create absurd, inconvenient, or unjust results.  Fisher v. Waldrop, 221 Ill. 2d 102, 112 (2006).  In addition, we should consider a statute in its entirety and avoid constructions that

5

would render any term or provision meaningless or superfluous. Fisher, 221 Ill. 2d at 112.

Section 9-1 of the Act is entitled "Who may act as administrator," and provides:

> "A person who has attained the age of 18 years, is a resident of the United States, is not of unsound mind, is not an adjudged disabled person as defined in this Act and has not been convicted of a felony, is qualified to act as administrator." 755 ILCS 5/9-1 (West 2006).

Section 9-3 of the Act lists categories of persons entitled to preference in obtaining letters of administration. 755 ILCS 5/9-3 (West 2006); Estate of Poole, 207 Ill. 2d at 402, citing 755 ILCS 5/9-3 (West 1998). In particular, section 9-3 identifies 10 specific categories entitled to preference in obtaining letters of administration in sequential order. 755 ILCS 5/9-3 (West 2006). In pertinent part, the third category in order of preference is "[t]he children or any person nominated by them." 755 ILCS 5/9-3(c) (West 2006). The sixth category in order of preference is "[t]he brothers and sisters or any person nominated by them." 755 ILCS 5/9-3(f) (West 2006).

Section 9-3 further provides, relevant to this appeal, that

the guardian of a person "who is not qualified to act as administrator solely because of minority *** may nominate on behalf of the minor *** in accordance with the order of preference set forth in this Section." 755 ILCS 5/9-3 (West 2006).

Here, after carefully interpreting the plain and ordinary meaning of sections 9-1 and 9-3 of the Act, we agree with the circuit court's conclusion that Thompson, as guardian of decedent's minor children, has a higher statutory preference in nominating an administrator and obtaining letters of administration when compared to Butler, as decedent's sibling.

Most significantly, it is undeniable that section 9-3 of the Act explicitly and unambiguously provides that decedent's children have higher preference in obtaining letters of administration when compared to Butler, who is decedent's sister. 755 ILCS 5/9-3(c),(e) (West 2006). While section 9-1 of the Act (755 ILCS 5/9-1 (West 2006)) precludes decedent's minor children from serving as administrators of decedent's estate solely because of their minority status, those minor children are nonetheless entitled under section 9-3 to be represented by their guardian, in this case Thompson, who is indisputably authorized to "nominate [an administrator] *on behalf of the minor*." (Emphasis added.) 755 ILCS 5/9-3 (West 2006).

7

Furthermore, contrary to Butler's contentions otherwise, there is nothing in the Act's provisions that prohibits Thompson from nominating herself as the administrator of decedent's estate. In fact, section 9-1 of the Act, which is entitled "Who may act as administrator," rather broadly defines an eligible administrator as an individual who (1) is at least 18 years of age; (2) is a resident of the United States; (3) is not of unsound mind; (4) is not an adjudged disabled person; and (5) is not a convicted felon. 755 ILCS 5/9-1 (West 2006). In the case *sub judice*, as Butler implicitly concedes by not arguing to the contrary, there is absolutely no evidence that Thompson fails to satisfy the requirements of section 9-1.

Ultimately, after carefully interpreting the plain and ordinary meaning of the statutory language of sections 9-1 and 9-3 as a whole, we find that the Thompson, as guardian of decedent's minor children, was authorized to nominate herself as administrator of decedent's estate and had a higher preference to do so than Butler, who is decedent's sister.

We are not persuaded by Butler's strained interpretation of sections 9-1 and 9-3 of the Act. First, we acknowledge, as Butler maintains, that decedent's minor children were ineligible to serve as administrator of decedent's estate or nominate an administrator because of their minority status. However, we

8

reiterate that the Act clearly provides a mechanism whereby the interests of minor children are to be represented by the guardian of such minor children. See 755 ILCS 5/9-3 (West 2006) (providing that a guardian of a person "who is not qualified to act as administrator solely because of minority *** may nominate on behalf of the minor). Here, Thompson was the undisputed guardian of decedent's minor children and was thus empowered under section 9-3 to nominate on their behalf.

Second, we reject Butler's assertion that Thompson was limited to nominating only those individuals who were identified in the preference list of section 9-3. Specifically, Butler argues that, pursuant to section 9-3, Thompson was limited to nominating either decedent's parents or decedent's siblings, including Butler. However, Butler's strict interpretation of section 9-3 would render superfluous and meaningless the broad and clear definition of eligible administrators under section 9-1 of the Act, which is an unfavorable outcome that we necessarily reject. See, e.g., Fisher, 221 Ill. 2d at 112 (reviewing court should avoid a statutory interpretation that renders any term meaningless or superfluous).

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

1-07-1297

Affirmed.

McBride, P.J., and McNulty, J., concur.

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

| | |
|---|---|
| **TITLE of Case** | *In re* ESTATE OF ERIC CAGE, Deceased<br><br>(Sherlie Butler,<br>        Petitioner-Appellant,<br><br>        v.<br><br>Lahienda Thompson, as Administrator of the Estate of Eric Cage,<br><br>        Cross-Petitioner-Appellee). |
| **Docket No.** | 1-07-1297 |
| **COURT** | Appellate Court of Illinois<br>First District, Sixth Division |
| **Opinion Filed** | MARCH 14, 2008 |
| **JUSTICES** | JUSTICE O'MALLEY delivered the opinion of the court:<br>McBRIDE, P.J., and McNULTY, J., concur. |
| **Appeal's Origination** | Appeal from the Circuit Court of Cook County.<br>The Hon. Jeffrey A. Malak, Judge Presiding. |
| **Counsel for APPELLANT** | For Appellant, Matthew C. Friedman, Friedman & Bonebrake, P.C., Chicago, Illinois. |
| **Counsel for APPELLEE** | For Appellee, Michael W. Rathsack, Chicago, Illinois. |