SOUTHWEST CENTER FOR BIOLOG-
ICAL DIVERSITY; Robin Silver, Dr.,
Plaintiffs–Appellants,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE; United States For-
est Service; Department of Interior,
Defendants–Appellees.

No. 00–17410.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2002.

Filed Dec. 23, 2002.

Matthew P. Millea, Treon, Strick, Lucia
& Aguirre, Phoenix, AZ, for the plaintiffs-
appellants.

Matthew M. Collette, Assistant United
States Attorney, Department of Justice,
Washington, DC, for the defendants-appel-
lees.

Before: CANBY and RYMER, Circuit
Judges, and BERTELSMAN,* Senior
District Judge.

## OPINION

CANBY, Circuit Judge.

The only issue in this appeal is whether
§ 207 of the National Parks Omnibus
Management Act ("1998 Parks Act"), 16
U.S.C. § 5937, which creates a statutory
exemption from the Freedom of Informa-
tion Act ("FOIA"), applies to the present

* The Honorable William O. Bertelsman, Senior
United States District Judge for the Eastern
District of Kentucky, sitting by designation.

case that was pending when that exemption was enacted. Congress expressed no clear intent on that question. Because we conclude that application of the exemption will not have an impermissible retroactive effect on the plaintiffs, we approve the general practice of applying the law in effect at the time the court renders its decision. We accordingly affirm the district court's application of § 207 to this case.

### Factual and Procedural Background

In March 1998, the Southwest Center for Biological Diversity and Robin Silver, M.D. (collectively "the Center"), filed a FOIA request with the U.S. Forest Service regarding data the Forest Service had gathered on the Northern Goshawk, a rare western bird of prey that environmentalists have contended should be placed on the endangered species list. When the Center did not receive a response, it brought this action in the district court to compel the Forest Service to release the information. The Forest Service then delivered only a portion of the requested information, claiming that the remainder was exempted from release under existing provisions of FOIA. The district court ultimately decided that the information was not exempt from disclosure under those specified provisions.

While the action was pending in district court, however, Congress enacted the 1998 Parks Act. In relevant part, this Act provided that "[i]nformation concerning the nature and specific location of a National Park System resource which is endangered, threatened, [or] rare ... within units of the National Park System ... may be withheld from the public in response to a request under [FOIA]...." 1998 Parks Act § 207, 16 U.S.C. § 5937. The Forest Service determined that the information requested fell within § 207, precluding release of all data that would reveal the location of goshawk nest sites. The dis-

trict court held that § 207 applied, and entered judgment in favor of the Forest Service. The Center appeals.

### Discussion

■ The Center does not challenge the determination that the requested information falls within § 207, but argues only that § 207 cannot be applied to this action that was already pending when § 207 was enacted. This argument presents a question of law that we review *de novo*. *Forest Guardians v. Dombeck*, 131 F.3d 1309, 1311 (9th Cir.1997).

There are many situations in which "a court should apply the law in effect at the time it renders its decision." *Landgraf v. USI Film Products*, 511 U.S. 244, 273, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (quoting *Bradley v. School Bd. of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)). Section 207 was the law in effect at the time of the district court's decision.

■ This general rule, however, coexists with a presumption against statutory retroactivity. *Landgraf*, 511 U.S. at 273, 114 S.Ct. 1483. In *Landgraf*, the Supreme Court described the process for determining whether to apply a new statute to a pending case. First, if Congress specified whether the statute should so apply, then the court has no need to fashion its own rule. *Id.* at 280, 114 S.Ct. 1483. There is no such congressional expression of intent to guide us in this case. The statute merely provides that the described information "may be withheld" in response to a FOIA request. *See* 16 U.S.C. § 5937. Congress knows well how to make its intent clear in such situations, but did not do so here. *See, e.g.,* Illegal Immigration Reform and Individual Responsibility Act § 309(c)(5)(A) (specifying rule to apply to cases beginning "before, on, or after the date of the enactment" of the rule).

We therefore proceed to determine whether application of the statute will have a retroactive effect, and in *Landgraf* the Supreme Court made it clear what kinds of retroactive effect would be impermissible:

> When ... the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.

*Id.*

There is no such impermissible retroactive effect here. The Center contends that application of § 207 "impairs [a] right[ ] [the Center] possessed when [it] acted," *id.*, because the Center had a right to the information when it filed its suit (or when it made its earlier request) and it loses that right by application of the new exemption. But the "action" of the Center was merely to request or sue for information; it was not to take a position in reliance upon existing law that would prejudice the Center when that law was changed.[1] *Cf. INS v. St. Cyr*, 533 U.S. 289, 321–24, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (entering into a plea bargain, with the plea bargain's attendant abandonment of constitutional rights, is reliance that creates a settled expectation of existing availability of relief from deportation); *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir.1997) (prisoners' completion of a drug treatment program, after having been informed that completion would make them eligible for sentence reduction, was a sufficient act of reliance to establish a settled expectation). Because the Cen-

ter took no action in reliance on prior law that qualifies under *Landgraf*, we conclude that application of § 207 creates no impermissible retroactive effect upon the Center. Moreover, as the district court pointed out, application of the exemption furthers Congress's intent to protect information regarding threatened or rare resources of the National Parks. This case accordingly presents one of the many situations in which courts appropriately apply the law in existence at the time of their decision. *See Landgraf*, 511 U.S. at 273, 114 S.Ct. 1483. The district court thus acted correctly in applying § 207 to this case.

### Conclusion

The judgment of the district court is **AFFIRMED.**

---

1. Surely the Center's expectation of success in its litigation is not the kind of settled expectation protected by *Landgraf*'s presumption against retroactivity. As the Forest Service points out, if that expectation were sufficient

then no statute would ever apply to a pending case unless Congress expressly made it so applicable. The *Landgraf* inquiry would become pointless.