Docket Nos. 101011, 101014 cons.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

JAMES WISNIEWSKI, Appellee, v. REVEREND RAYMOND
KOWNACKI *et al.*, Appellants.

*Opinion filed June 2, 2006.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, McMorrow, Fitzgerald, Kilbride, and Karmeier concurred in the judgment and opinion.

**OPINION**

In October 2002, plaintiff filed a lawsuit against defendants alleging that defendant Kownacki, a priest within the Catholic Diocese of Belleville, sexually abused him between 1973 and 1978. Among other allegations, plaintiff alleged fraud and conspiracy against the Diocese, alleging that the Diocese knew that Kownacki had molested a child at another parish before transferring him to St. Theresa's School and Church in Salem, Illinois. Plaintiff also alleged that prior to the transfer, Kownacki received mental-health treatment and/or alcohol-abuse counseling. Relevant to this case, plaintiff sought discovery of the records of this treatment. Defendants objected to their disclosure, asserting that the records were privileged under the Mental Health and Developmental Disabilities Confidentiality Act (Confidentiality Act) (740 ILCS 110/1 *et seq.* (West 2002)) and the Alcoholism and Other Drug Abuse and Dependency Act (Dependency Act) (20 ILCS 301/30–5 *et seq.* (West 2002)). The circuit court of St. Clair County concluded that neither statute applied to records created prior to the effective dates of the statutes. The court further decided that the Confidentiality Act did not cover records of alcohol counseling or treatment. Defendants persisted in their refusal to turn over the records, as ordered by the trial court. The court held defendants in contempt, fined them, and awarded attorney fees to plaintiff. Defendants appealed the contempt finding to the appellate court. 155 Ill. 2d R. 304(b)(5). The appellate court affirmed the trial court's order compelling defendants to produce Kownacki's treatment records, but vacated the order of contempt. No. 5–04–0205 (unpublished order under Supreme Court Rule 23). We granted defendants' petitions for leave to appeal (177 Ill. 2d R. 315) and consolidated the cases.

BACKGROUND

Following defendants' refusal to comply with plaintiff's discovery requests, plaintiff filed motions to compel compliance. The trial court held hearings on these motions and examined documents *in camera* to which defendants claimed privileges under the Confidentiality Act and the Dependency Act. The court ordered defendants to turn over those documents that predated the effective dates of the statutes.

The court also held that the privilege granted by the Confidentiality Act did not apply to Kownacki's alcohol-abuse treatment records that predated the Dependency Act. Defendants continued to refuse to comply with the trial court's order regarding the production of preenactment treatment records. Plaintiff filed another motion to compel. The trial court held defendants in contempt, fined them $2,000, and ordered them to pay plaintiff's attorney fees attributable to the discovery dispute.

The appellate court affirmed the trial court's discovery rulings, holding that the nondisclosure privileges found in the Confidentiality Act and the Dependency Act do not apply to treatment records created prior to the effective dates of the Acts. The court rejected defendants' arguments that the plain language of the statutes evinced an intent that the statutes apply retroactively to preenactment records. Further, applying this court's prospectivity/retroactivity analysis in *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001), and *Caveney v. Bower*, 207 Ill. 2d 82 (2003), the appellate court held that applying the statutes to preenactment records would have a retroactive impact. The court also affirmed the trial court's holding that the Confidentiality Act does not protect alcohol-abuse treatment records that predate the Dependency Act. The appellate court vacated the trial court's order of contempt, finding that defendants' refusal to comply with the trial court's discovery order was a good-faith effort to secure an interpretation of an issue without direct precedent and defendants' conduct could not be viewed as contumacious.

ANALYSIS

I. Standard of Review

A trial court's discovery order is usually reviewed for an abuse of discretion. *Norskog v. Pfiel*, 197 Ill. 2d 60, 70 (2001). However, the issues in this case concern whether Kownacki may prevent the disclosure of his mental-health treatment and alcohol-abuse treatment records. The applicability of such a

right to confidentiality is a question of law that we review *de novo*. See *D.C. v. S.A.*, 178 Ill. 2d 551, 559 (1997).

## II. Scope of the Statutes

In this appeal, defendants argue (1) that the Confidentiality Act and the Dependency Act afford Kownacki a privilege of nondisclosure of his mental-health treatment and alcohol-abuse treatment records, even though the dates of treatment predate the effective dates of the statutes; and (2) that the Confidentiality Act protects from forced disclosure Kownacki's alcohol-abuse treatment records that were created prior to July 1, 1988.

We first note the posture of this case. Defendants have been held in contempt for failure to comply with the trial court's discovery order. It is well settled that the correctness of a discovery order may be tested through contempt proceedings. Accordingly, when an individual appeals contempt sanctions for refusing to comply with a discovery order, the discovery order itself is subject to review. *Norskog*, 197 Ill. 2d at 70.

The Confidentiality Act became effective on January 9, 1979. 740 ILCS 110/1 (West 2002). It is a comprehensive revision of Illinois law on the subject of the confidentiality of psychotherapeutic communications. *Laurent v. Brelji*, 74 Ill. App. 3d 214, 216 (1979). "All records and communications" are confidential and shall not be disclosed except as provided in the Confidentiality Act (740 ILCS 110/3(a) (West 2002)). "Recipient" is defined as "a person who is receiving or has received mental health or developmental disabilities services." 740 ILCS 110/2 (West 2002). "Therapist" means a psychiatrist, physician, psychologist, social worker, or nurse or other person not prohibited by law from providing such services if the recipient reasonably believes that the person is permitted to do so. 740 ILCS 110/2 (West 2002). The Act affords recipients a privilege against the disclosure of their mental-health treatment records in civil, criminal, and other proceedings, subject to certain exceptions. 740 ILCS 110/10 (West 2002). Exceptions to nondisclosure are narrowly crafted and disclosure is restricted to that which is necessary to accomplish a particular

purpose. *Norskog*, 197 Ill. 2d at 71. The Confidentiality Act constitutes a "strong statement about the importance of keeping mental health records confidential." *Mandziara v. Canulli*, 299 Ill. App. 3d 593, 599 (1998).

The Dependency Act became effective on July 1, 1988. 20 ILCS 301/1–1 (West 2002); Pub. Act 85–965, eff. July 1, 1988; see Pub. Act 89–374, eff. January 1, 1996 (title amended). The provisions of the Dependency Act are to be liberally construed to enable the Department of Human Services to carry out the objectives and purposes of the Act. 20 ILCS 301/1–5 (West 2002). The Dependency Act contemplates a broad range of treatment services, including "emergency, outpatient, intermediate and residential services and care (including assessment, diagnosis, medical, psychiatric, psychological and social services, care and counseling, and aftercare)." 20 ILCS 301/1–10 (West 2002).

Defendants first argue that the appellate court ignored the plain language of the Confidentiality Act and the Dependency Act in making its determination that neither Act applies to records and communications that predate their effective dates. With regard to the Confidentiality Act, they rely on section 3(a), which provides that "all" records and communications are confidential. Defendants believe that the use of the word "all" has a temporal meaning and that it should be construed to include every record and communication, regardless of date. Plaintiff, on the other hand, argues that the phrase "all records and communications" refers to the types of records at issue, not the date on which the records and communications were created.

With respect to the Dependency Act, defendants focus on the comprehensive nature of the Act, as expressed in section 30–5(bb):

> "Records of the identity, diagnosis, prognosis or treatment of any patient maintained in connection with the performance of any program or activity relating to alcohol or other drug abuse or dependency education, early intervention, intervention, training, treatment or rehabilitation which is regulated, authorized, or directly or indirectly assisted by any Department or agency of

this State or under any provision of this Act shall be confidential and may be disclosed only in accordance with the provisions of federal law and regulations concerning the confidentiality of alcohol and drug abuse patient records as contained in 42 U.S.C. Sections 290dd–3 and 290ee–3 and 42 C.F.R. Part 2." 20 ILCS 301/30–5(bb) (West 2002).

Further, defendants note the Dependency Act provides that restrictions on disclosure and use of patient information shall apply to "records concerning any person who *has been* a patient, regardless of whether or when he ceases to be a patient." (Emphasis added.) 20 ILCS 301/30–5(bb)(4) (West 2002). Defendants argue that the emphasized language means that the nondisclosure provisions apply to all records of any person who has ever received treatment at any time in the past. Plaintiff, on the other hand, argues that, rather than referring to preenactment treatment records, this section expresses the intention of the legislature to keep postenactment records and communications privileged under the Dependency Act even after treatment ends.

The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Andrews v. Kowa Printing Corp.*, 217 Ill. 2d 101, 106 (2005). The best indication of that intent is the language of the statute, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). Where the language is clear and unambiguous, we must apply it without resort to other aids of statutory construction. *In re D.S.*, 217 Ill. 2d 306, 313 (2005). The interpretation of a statute is a question of law that we review *de novo*. *Petersen v. Wallach*, 198 Ill. 2d 439, 444 (2002).

As stated, the appellate court, in resolving the question of the applicability of the Confidentiality Act and the Dependency Act to Kownacki's treatment records, looked to this court's retroactivity analysis as set forth in *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001), and *Caveney v. Bower*, 207 Ill. 2d 82 (2003).

The appellate court found that the General Assembly intended both statutes to apply prospectively only, noting that

there was no express command in either statute calling for retroactive application. The appellate court also found it significant that neither statute was to become effective immediately. The court rejected defendants' argument that the statutes should be considered procedural in nature, noting that neither statute was related exclusively to evidentiary concerns and both statutes were comprehensive new enactments which should not be given retroactive effect.

This court has not previously addressed the specific question raised in this appeal. Defendants cite cases they believe support their position that the Confidentiality Act was intended to apply to preenactment treatment records. For example, in *Maxwell v. Hobart Corp.*, 216 Ill. App. 3d 108 (1991), a case dealing with both the Confidentiality Act and the Dependency Act, the issue was whether the plaintiff's alcoholism-treatment records were protected from disclosure by either statute. In 1986, the plaintiff injured his hand while working. A blood-alcohol test indicated that the plaintiff was intoxicated at that time. The defendant sought disclosure of the plaintiff's alcohol-abuse treatment records. The appellate court determined that the records were not protected by the Confidentiality Act, but even if they were, an exception to nondisclosure applied because the plaintiff placed his condition in issue by filing his lawsuit. As to the Dependency Act, the court held that the "good-cause" exception to nondisclosure applied and the plaintiff's records were therefore subject to disclosure. *Maxwell*, 216 Ill. App. 3d at 115-16. *Maxwell* is of limited applicability to the question of the coverage of treatment records predating either the Confidentiality Act or the Dependency Act. No issue was raised in *Maxwell* as to whether either Act applied to records created prior to the effective dates thereof and the court did not discuss that question.

The same is true of other cases cited by defendants. In *Laurent v. Brelji*, 74 Ill. App. 3d 214 (1979), the proceeding at issue was commenced in March 1979. The opinion does not disclose the dates on which mental-health treatment was rendered. No issue as to retroactive application of the Confidentiality Act was raised, as the appellate court seemed to assume that the Act applied. The court found the records

were discoverable under an exception to nondisclosure. *Laurent*, 74 Ill. App. 3d at 219.

We note that this court did apply the Confidentiality Act in *Novak v. Rathnam*, 106 Ill. 2d 478 (1985), a case also cited by defendants. There, the plaintiff sued a psychiatrist and a psychologist for the wrongful death of his daughter, who was shot and killed by a man who had been treated at a mental-health center by the defendants and released. The man received treatment in 1978, prior to the effective date of the Confidentiality Act. This court ultimately determined that the nondisclosure privilege had been waived when the man asserted an insanity defense at his earlier criminal trial and introduced his mental-health records. *Novak*, 106 Ill. 2d at 484. Because the issue we are faced with here was not raised and discussed in *Maxwell*, *Novak*, or *Laurent*, we find these cases to be of limited applicability.

Plaintiff argues that applying the nondisclosure provisions of the Confidentiality Act and the Dependency Act to Kownacki's preenactment treatment records would have a retroactive impact because it would impose new duties with respect to documents and transactions completed years before the statutes' enactment. We reject this argument and conclude that the applicability of the Confidentiality Act and the Dependency Act to Kownacki's treatment records does not hinge upon a retroactivity analysis. Disclosure, which is the act regulated by both statutes, takes place only in the present or the future. Thus, any new duties regarding disclosure or nondisclosure would likewise be imposed only in the present or the future, not in the past. In other words, applying the nondisclosure provisions of the Confidentiality Act and the Dependency Act to preenactment treatment records and communications would not impair anyone's rights with respect to past transactions. Neither statute impacts any actions that may have taken place in the past with regard to Kownacki's records. For these reasons, we conclude that the Confidentiality Act and the Dependency Act are applicable to treatment records and communications that were created pursuant to treatment given prior to the effective dates of those statutes.

We caution that we are not deciding the issue of whether Kownacki is in fact entitled to invoke the rights of confidentiality

conferred by the statutes as to the specific mental-health and alcohol-abuse treatment records at issue here. We note parenthetically that any such rights belong to Kownacki personally, not to the Diocese. Whether they apply to the particular records in dispute is a matter for the trial court to determine, as is the question of whether any statutory exceptions may apply. We express no opinion on these matters.

Accordingly, we conclude that the rights to confidentiality granted by the Confidentiality Act and the Dependency Act may be applied to mental-health records and communications and to alcohol-treatment records created prior to the effective dates of the statutes. In light of our decision on this issue, we need not address defendants' argument that the Confidentiality Act protects from disclosure Kownacki's alcohol-treatment records that predate the Dependency Act.

## CONCLUSION

For the reasons stated, we conclude that the nondisclosure rights created by the Confidentiality Act and the Dependency Act apply to records covered by those Acts, regardless of when the records were created. We reverse those portions of the appellate court's and the circuit court's judgments holding otherwise. We affirm that portion of the judgment that vacated the trial court's contempt order. The cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Appellate court judgment affirmed in part and reversed in part; circuit court judgment reversed; cause remanded.*