DICKINSON, PRESIDING JUSTICE,
CONCURRING IN RESULT ONLY:
¶32. Our law has long recognized a presumption against the retroactive application of statutes.[12] It also has recognized the principle the majority employs today: a presumption that statutory amendments apply to actions pending when the statute is amended.[13] I believe the former represents the better view and should control our decision. That said, either presumption reaches the same result.
¶33. The majority correctly points out that its chosen principle — the pending-action canon — -is accepted by many courts.[14] But this rule is not universal. Some states, for instance, employ a presumption that the law at the time suit is filed controls.[15] More significantly, the pending-action canon has met resistence in the United States Supreme Court.[16]
¶34. The majority cites the Ninth Circuit Court of Appeals’s decision in Southwest Center for Biological Diversity v. United States Department of Agriculture, which found that an amendment to the federal Freedom of Information Act should apply to an action for documents under the statute pending when the amendment occurred.[17] In that case, the Ninth Circuit *940 applied the United States Supreme Court’s decision in Landgraf v. USI Film Products.[18]
¶35. In Landgraf, the United States Supreme Court employed the same principle the majority applies today: “Although we have long embraced a presumption against statutory retroactivity, for just as long we have recognized that, in many situations, a court should ‘apply the law in effect at the time it renders its decision.’ ”[19] Justice Scalia authored a concurring opinion explaining this principle’s flaw:
The critical issue, I think, is not whether the rule affects “vested rights,” or governs substance or procedure, but rather what is the relevant activity that the rule regulates. Absent clear statement otherwise, only such relevant activity which occurs after the effective date of the statute is covered. Most statutes are meant to regulate primary conduct, and hence will not be applied in trials involving conduct that occurred before their effective date. But other statutes have a different purpose and therefore a different relevant retroactivity event. A new rule of evidence governing expert testimony, for example, is aimed at regulating the conduct of trial, and the event relevant to retroactivity of the rule is introduction of the testimony. Even though it is a procedural rule, it would unquestionably not be applied to testimony already taken — reversing a case on appeal, for example, because the new rule had not been applied at a trial which antedated the statute.[20]
¶36. In other words, to determine whether the statutory amendment should apply, a court must understand what event or conduct the statute will control. If the statutory amendment merely regulates primary conduct — in this case the primary conduct was the Justice Center’s request for the documents and MDOC’s decision to provide heavily redacted versions — then the presumption against retroactivity should control because we are considering a truly retroactive application.[21] On the other hand, if the statutory amendment regulates or controls something else, something later, the line of demarcation for the presumption against retroactivity changes.
¶37. Here, that is the case. In Landgraf, Justice Scalia noted that injunctive relief is prospective — it orders someone either to do or not to do something in the future.[22] So amendments to statutes affecting a party’s right to injunctive relief ordinarily will apply because the requested injunction does not remedy a past wrong — which *941 would be retroactive — it orders future action — which is prospective.[23] The Justice Center asks this Court to affirm an order requiring MDOC to release the relevant documents. The law, as it currently stands, declares this information confidential.[24]
¶38. I have no doubt that the Justice Center was entitled to the information it sought in November 2014 when it requested it. But the Justice Center seeks prospective relief: an order that MDOC must now release that information. Under current law, the information is confidential. So I agree we cannot grant the remedy requested.
¶39. That said, though not before us in this Public Records Act case, I question the constitutionality of the State’s legislative efforts to deny death-row inmates access to the information necessary to litigate their Eighth Amendment claims. But this issue is not now before us and will have to be addressed at a later date.

. See, e.g., Mladinich v. Kohn, 186 So.2d 481, 483 (Miss. 1966) ("In a long line of cases, this Court has followed the rule that, in the interpretation of statutes, they will be construed to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression.”) (citations omitted).

. See, e.g., Musgrove v. Vicksburg & Nashville R.R. Co., 50 Miss. 677, 682 (1874) (“The authorities cited hold that if there has been a change or alteration, or repeal of the law applicable to the rights of the parties, after rendition of the original judgment, and pending the appeal, the case must be heard and decided in the appellate court, according to the then existing law.”).

. Maj. Op. at ¶10 ("Such holdings are not unique to this state, for the same principle is followed by other states and the federal courts in public-records-request cases.”).

. See e.g. Doll v. Doll, 794 N.W.2d 425, 427 n.1 (N.D. 2011) ("This case was filed while the prior version of the law was in effect. Accordingly, we apply the law in effect at the time of filing,”).

. See Landgraf v. USI Film Prods., 511 U.S. 244, 289, 114 S.Ct. 1522, 128 L.Ed.2d 229 (1994) (Scalia, J., concurring) (citing Bradley v. School Bd. of Richmond, 416 U.S. 696, 711-16, 94 S.Ct. 2006, 2016-19, 40 L.Ed.2d 476 (1974)) ("The Court’s opinion begins with an evaluation of petitioner’s argument that the text of the statute dictates its retroactive application. The Court’s rejection of that argument cannot be as forceful as it ought, so long as it insists upon compromising the clarity of the ancient and constant assumption that legislation is prospective, by attributing a comparable pedigree to the nouveau Bradley presumption in favor of applying the law in effect at the time of decision.”).

. Maj. Op. at ¶¶23-24 (citing Southwest Ctr. for Biological Diversity v. U.S. Dep't of Agric., 314 F.3d 1060, 1061 (9th Cir. 2002)).

. Southwest Ctr. for Biological Diversity, 314 F.3d at 1061-62 (citing Landgraf, 511 U.S. at 273, 114 S.Ct. 1522).

. Landgraf, 511 U.S. at 273, 114 S.Ct. 1522 (quoting Bradley, 416 U.S. at 711, 94 S.Ct. 2006).

. Landgraf, 511 U.S. at 291, 114 S.Ct. 1522 (Scalia, J., concurring).

. Black’s Law Dictionary defines "retroactive” as "extending in scope or effect to matters that have occurred in the past.” Retroactive, Black’s Law Dictionary 1122 (abr. 9th ed.). It defines “retroactive law” as "[a] legislative act that looks backward or contemplates the past, affecting acts or facts that existed before the act came into effect.” Retroactive Law, Black’s Law Dictionary 1122 (abr. 9th ed.).

. Landgraf, 511 U.S. at 293, 114 S.Ct. 1522 (citing American Steel Foundries v. Tri-City Cent. Trades Council, 257 U.S. 184, 42 S.Ct. 72, 66 L.Ed. 189 (1921); Duplex Printing Press Co. v. Deering, 254 U.S. 443, 464, 41 S.Ct. 172, 175-76, 65 L.Ed. 349 (1921)) ("Courts traditionally withhold requested injunctions that are not authorized by then-current law, even if they were authorized at the time suit commenced and at the time the primary conduct sought to be enjoined was first engaged in.”).

. Landgraf, 511 U.S. at 293, 114 S.Ct. 1522 ("Since the purpose of prospective relief is to affect the future rather than remedy the past, the relevant time for judging its retroactivity is the very moment at which it is ordered.”),

. Miss. Code Ann. § 99-19-51(2) (Supp. 2016) (current version 2017 Miss. Laws H.B. 638 and now Miss. Code Ann, § 99-19-51(6)(c)) ("The identities of all members of the execution team, a supplier of lethal injection chemicals, and the identities of those witnesses listed in Section 99-19-55(2) who attend as members of the victim's or the condemned person’s immediate family shall at all times remain confidential.”).