# Illinois Official Reports

## Appellate Court

---

*Perry v. Department of Financial & Professional Regulation*,
2017 IL App (1st) 161780

---

| | |
|---|---|
| Appellate Court Caption | CHRISTOPHER J. PERRY and PERRY & ASSOCIATES, LLC, Plaintiffs-Appellants, v. THE DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-1780 |
| Filed<br>Rehearing denied | April 14, 2017<br>May 18, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-17994; the Hon. Rita M. Novak, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | John L. Ladle, P.C., of Chicago (Gregory F. Ladle, of counsel), for appellants.<br><br>Lisa Madigan, Attorney General, of Chicago (Aaron T. Dozeman, Assistant Attorney General, of counsel), for appellee. |
| Panel | JUSTICE ROCHFORD delivered the judgment of the court, with opinion.<br>Justice Cunningham concurred in the judgment and opinion.<br>Justice Delort dissented, with opinion. |

**OPINION**

¶ 1     Plaintiffs-appellants, Christopher J. Perry and Perry & Associates, LLC (collectively referred to as plaintiffs), filed an action in the circuit court under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2010)), against defendant-appellee, the Department of Financial and Professional Regulation, seeking the disclosure of a complaint filed with defendant against Mr. Perry's structural engineer's license, as well as reasonable attorney fees and a finding for civil penalties on the basis that defendant had acted in bad faith by failing to disclose the complaint. Plaintiffs moved for summary judgment. The circuit court granted plaintiffs' motion in part and denied it in part. The court ruled that the complaint was not disclosable, but it ordered the release of certain exhibits attached to the complaint. Both parties moved for reconsideration. The circuit court granted defendant's motion for reconsideration and dismissed plaintiffs' FOIA action, in its entirety, ruling that a new statute under the Civil Administrative Code of Illinois (Code) (20 ILCS 2105/2105-117 (West Supp. 2015)), precluded the release of either the complaint or its exhibits to plaintiffs. The circuit court also dismissed plaintiffs' claims for attorney fees and civil penalties. Plaintiffs moved for reconsideration. The circuit court denied plaintiffs' motion. Plaintiffs appeal. We affirm.

¶ 2                                I. Background Information

¶ 3     The FOIA provides that "[a]ll records in the custody or possession of a public body are presumed to be open to inspection or copying. Any public body that asserts that a record is exempt from disclosure has the burden of proving by clear and convincing evidence that it is exempt." 5 ILCS 140/1.2 (West 2014). If denied information by the public body, the requestor may bring either a request for review by the Public Access Counselor (PAC) established in the office of the Attorney General under section 9.5(a) of the FOIA (5 ILCS 140/9.5(a) (West 2014)), or an action in the circuit court for declaratory or injunctive relief under section 11(a) of the FOIA (5 ILCS 140/11(a) (West 2014)), or may pursue both. When the requestor seeks PAC review, the PAC may, in its discretion, issue either a nonbinding or binding opinion. 5 ILCS 140/9.5(f) (West 2014). A binding opinion issued by the PAC is considered a final decision of an administrative agency for purposes of administrative review. 5 ILCS 140/11.5 (West 2014).

¶ 4     By contrast, an action in the circuit court under section 11 of the FOIA is a *de novo* action, not an action for administrative review. 5 ILCS 140/11(f) (West 2014). In pertinent part, section 11(d) provides that the circuit court "shall have the jurisdiction to enjoin the public body from withholding public records and to order the production of any public records improperly withheld from the person seeking access." 5 ILCS 140/11(d) (West 2014). Section 11(i) provides that "[i]f a person seeking the right to inspect or receive a copy of a public record prevails in a proceeding under this Section, the court shall award such person reasonable attorney's fees and costs." 5 ILCS 140/11(i) (West 2014). Section 11(j) provides that "[i]f the court determines that a public body willfully and intentionally failed to comply with this Act, or otherwise acted in bad faith, the court shall also impose upon the public body a civil penalty of not less than $2,500 nor more than $5,000 for each occurrence." 5 ILCS 140/11(j) (West 2014).

¶ 5                                   II. Plaintiffs' FOIA Request

¶ 6         Plaintiffs' FOIA request stems from a complaint filed with defendant against Mr. Perry's structural engineer's license by an individual whose identity was not disclosed to Mr. Perry. Mr. Perry appeared at an administrative hearing in response to the complaint, and he claims that he was told by the panel that he could not be informed of the nature of the allegation against him other than a vague insinuation that he had "done wrong." Mr. Perry ultimately received a letter in January 2013 closing the matter with no adverse consequences but, also, advising him that the allegation would remain on his record and could later be used against him if any subsequent complaints were filed.

¶ 7         On January 21, 2013, plaintiffs filed their initial FOIA request with defendant, seeking disclosure of the complaint made against Mr. Perry's license. On January 23, 2013, defendant denied the request.

¶ 8         Plaintiffs sought review of defendant's denial with the PAC pursuant to section 9.5(a) of the FOIA. 5 ILCS 140/9.5(a) (West 2014).

¶ 9         On August 21, 2013, in a nonbinding opinion letter, the PAC concluded that defendant properly refused to disclose the complaint against Mr. Perry's license under section 7(1)(d)(iv) of the FOIA (5 ILCS 140/7(1)(d)(iv) (West 2014)). Section 7(1)(d)(iv) exempts information from disclosure, where disclosure would "unavoidably disclose the identity of a confidential source, confidential information furnished only by the confidential source, or persons who file complaints with or provide information to administrative, investigative, law enforcement, or penal agencies." *Id.* The PAC determined that disclosure of the complaint would unavoidably identify the person who filed the complaint with defendant in violation of section 7(1)(d)(iv).

¶ 10        On August 26, 2013, plaintiffs amended the FOIA request in accordance with the PAC's opinion and requested that defendant disclose the complaint "redacted to exclude proper names and 'confidential information' " pursuant to section 7(1) of the FOIA. Section 7(1) provides that "[w]hen a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this Section, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt." 5 ILCS 140/7(1) (West 2014). Defendant denied the request.

¶ 11        On November 6, 2014, plaintiffs filed an action against defendant in the circuit court pursuant to section 11 of the FOIA. Plaintiffs requested that the court order defendant to produce the redacted complaint against Mr. Perry's license pursuant to section 11(d) and also sought an award of attorney fees pursuant to section 11(i), as well as the imposition of a civil penalty pursuant to section 11(j) for defendant's willful and bad-faith failure to comply with the FOIA. See 5 ILCS 140/11(d), (i), (j) (West 2014).

¶ 12        Plaintiffs moved for summary judgment or, in the alternative, for an *in camera* inspection of the complaint against Mr. Perry's license pursuant to section 11(f) of the FOIA. A hearing was held on July 27, 2015. The circuit court concluded, after an *in camera* inspection, that the complaint was exempt from disclosure under section 7(1)(d)(iv) of the FOIA but that two exhibits to the complaint could be disclosed because they had previously been made available to third parties. Accordingly, the court granted in part and denied in part plaintiffs' motion for summary judgment.

¶ 13    Plaintiffs moved for reconsideration, arguing that the court should have ordered disclosure of the complaint with any names redacted that would have disclosed the complainant's identity.

¶ 14    Defendant also moved for reconsideration, arguing that the court should not have ordered the disclosure of the exhibits to the complaint, as those exhibits would necessarily reveal the complainant's identity in violation of section 7(1)(d)(iv) of the FOIA. Defendant also raised section 2105-117 of the Code (20 ILCS 2105/2105-117 (West Supp. 2015)), a statutory amendment that took effect on August 3, 2015, as a basis to find that the complaint and attached exhibits were exempt from disclosure even if all names and confidential information was redacted. Section 2105-117 provides:

> "All information collected by the Department in the course of an examination or investigation of a licensee, registrant, or applicant, including, but not limited to, any complaint against a licensee or registrant filed with the Department and information collected to investigate any such complaint, shall be maintained for the confidential use of the Department and shall not be disclosed." *Id.*

¶ 15    Plaintiffs responded that section 2105-117 does not apply in this case because it was not in effect at the time plaintiffs made the FOIA request or when the circuit court issued its ruling on plaintiffs' summary judgment motion.

¶ 16    A hearing was held on the motions to reconsider on January 7, 2016. The circuit court noted that section 2105-117 had become effective about one week after its earlier ruling on plaintiffs' summary judgment motion, and thus, the court could not have applied section 2105-117 when ruling on the motion. However, the court also noted it had retained jurisdiction over this case to consider the parties' motions for reconsideration and that it was required under *Kalven v. City of Chicago*, 2014 IL App (1st) 121846, to apply the law currently in effect, *i.e.*, section 2105-117, when ruling on the reconsideration motions. The court determined that under section 2105-117, plaintiffs were not entitled to the disclosure of either the redacted complaint against Mr. Perry's license or the exhibits attached to the complaint. Accordingly, the court granted defendant's motion for reconsideration and dismissed plaintiffs' FOIA action.

¶ 17    Plaintiffs filed a motion to reconsider the January 7, 2016, judgment, arguing that the court erred by applying section 2105-117, by failing to specifically address their claim for attorney fees under section 11(i) of the FOIA, and by failing to specifically address their claim for a civil penalty against defendant under section 11(j) of the FOIA.

¶ 18    The circuit court denied plaintiffs' motion to reconsider and reaffirmed its dismissal of plaintiffs' FOIA action, ruling that section 2105-117 prevented the disclosure of the redacted complaint against Mr. Perry's license or the exhibits attached to the complaint.

¶ 19    The circuit court also dismissed plaintiffs' claim for attorney fees under section 11(i) of the FOIA because plaintiffs were not prevailing parties.

¶ 20    Finally, the circuit court dismissed plaintiffs' claim for a civil penalty against defendant under section 11(j) of the FOIA.

¶ 21                        III. Plaintiffs' Appeal

¶ 22    Initially, we note that plaintiffs characterize their action here as one for administrative review. Plaintiffs' characterization is incorrect as they appeal the circuit court's granting of

defendant's motion for reconsideration of its earlier summary judgment ruling and dismissing plaintiffs' claim for injunctive relief under section 11(d) of the FOIA which, as discussed earlier in this order, is a *de novo* action and not an administrative review action.

¶ 23 We proceed to address plaintiffs' appeal.

¶ 24 The parties agree that, if applicable, section 2105-117 of the Code prevents the disclosure of the redacted complaint against Mr. Perry's structural engineer's license and the attached exhibits to the complaint. However, plaintiffs argue that the circuit court erred in applying section 2105-117 retroactively to their FOIA action. Whether a statutory amendment will be applied prospectively or retrospectively is a matter of statutory construction that is reviewed *de novo*. *Thomas v. Weatherguard Construction Co.*, 2015 IL App (1st) 142785, ¶ 63.

¶ 25 Plaintiffs contend that the circuit court misapplied the test set forth in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), in determining whether an amended statute may be applied retroactively. Under the *Landgraf* test, "if the legislature has clearly indicated the temporal reach of the amended statute, that expression of legislative intent must be given effect, absent a constitutional prohibition. If, however, the amended statute contains no express provision regarding its temporal reach, the court must go on to determine whether applying the statute would have a retroactive impact, 'keeping in mind the general principle that prospectivity is the appropriate default rule.' " *People ex rel. Madigan v. J.T. Einoder, Inc.*, 2015 IL 117193, ¶ 29 (quoting *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 330-31 (2006)).

¶ 26 Under *Landgraf*, "[a]n amended statute will be deemed to have retroactive impact if application of the new statute would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. [Citations.] If the court finds that retrospective application of the new law would have a retroactive impact or result in inequitable consequences, 'the court must presume that the legislature did not intend that it be so applied.' " *Id.* ¶ 30 (quoting *Caveney v. Bower*, 207 Ill. 2d 82, 91 (2003)).

¶ 27 However, Illinois courts rarely look beyond the first step of the *Landgraf* analysis. *Bower*, 207 Ill. 2d at 94. "This is because an amendatory act which does not, itself, contain a clear indication of legislative intent regarding its temporal reach, will be presumed to have been framed in view of the provisions of section 4 of our Statute on Statutes (5 ILCS 70/4 (West 2000))." *J.T. Einoder, Inc.*, 2015 IL 117193, ¶ 31. Section 4 is a general savings clause, which the supreme court has interpreted as meaning that "procedural changes to statutes will be applied retroactively, while substantive changes are prospective only." *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 20.

¶ 28 In the present case, plaintiffs argue that section 2105-117 (which contains no express provision regarding its temporal reach) is a substantive amendment that exempts from disclosure all complaints, even redacted ones, against a licensee filed with defendant and also exempts from disclosure all information collected to investigate any such complaint, even information that is not confidential. Plaintiffs contend the application of section 2105-117 would have a retroactive impact on plaintiffs by impairing their rights to examine the complaint (and attached exhibits) filed against Mr. Perry's structural engineer's license. Accordingly, plaintiffs argue that, under *Landgraf* and section 4 of the Statute on Statutes, section 2105-117 may not be retroactively applied.

¶ 29 We disagree with plaintiffs' argument, finding *Kalven*, 2014 IL App (1st) 121846, *Center for Biological Diversity v. United States Department of Agriculture*, 626 F.3d 1113 (9th Cir. 2010), and *Wisniewski v. Kownacki*, 221 Ill. 2d 453 (2006), to be controlling.

¶ 30 In *Kalven*, the plaintiff submitted FOIA requests to the Chicago police department (CPD), seeking disclosure of two types of documents related to complaints of police misconduct. CPD denied the requests, and the plaintiff filed suit seeking an injunction requiring CPD to produce the documents. *Kalven*, 2014 IL App (1st) 121846, ¶ 2.

¶ 31 The parties filed cross-motions for summary judgment. *Id.* ¶ 7. The circuit court found that one type of document was exempt from disclosure under the FOIA but that the other type was not exempt. *Id.* Both parties appealed. *Id.*

¶ 32 The appellate court noted that the threshold question to be resolved is which version of the FOIA applies to this case. *Id.* ¶ 8. The plaintiff requested the documents from the CPD in November 2009, and after CPD denied the request, the plaintiff filed suit on December 22, 2009. *Id.* While the case was pending in the circuit court, an amended version of the FOIA went into effect on January 1, 2010. *Id.* The plaintiff argued on appeal that the appellate court should apply the 2009 version of the FOIA because it was in effect when the FOIA request was denied by the CPD; however, defendants argued that the 2010 version of the statute should be applied. *Id.*

¶ 33 The appellate court held: "Injunctive and declaratory relief are prospective forms of relief because they are concerned with restraining or requiring future actions rather than remedying past harms." *Id.* ¶ 10; see, *e.g.*, *PHL, Inc. v. Pullman Bank & Trust Co.*, 216 Ill. 2d 250, 267-68 (2005) (discussing the difference between an injunction and present claims for damages in the context of sovereign immunity). When claims are prospective, a court must apply the law that is in effect at the time of its decision. See, *e.g.*, *Bartlow v. Costigan*, 2014 IL 115152, ¶¶ 30-31 (in the context of a suit seeking a declaration that a statute is unconstitutional and an injunction prohibiting its enforcement, amended version of the statute must be examined in order to determine whether the plaintiff is entitled to relief); see also *Forest Preserve District v. City of Aurora*, 151 Ill. 2d 90, 94-95 (1992) (same). In this case, although the 2009 FOIA statute was in effect when plaintiff filed suit, the statute has since been amended. "In order to determine whether plaintiff is entitled to production of the documents, we must therefore apply the version of the statute that is currently in effect." *Kalven*, 2014 IL App (1st) 121846, ¶ 10.

¶ 34 In *Center for Biological Diversity*, the Center for Biological Diversity submitted a FOIA request to the Animal and Plant Health Inspection Service (APHIS) for the specific GPS coordinates of certain wolf attacks. *Center for Biological Diversity*, 626 F.3d at 1115. APHIS refused to provide the GPS coordinates, and the Center brought suit against APHIS and the United States Department of Agriculture (collectively, the USDA). *Id.*

¶ 35 The district court granted the Center's motion for summary judgment and denied that of the USDA, finding that the GPS coordinates must be disclosed. *Id.* The district court held that section 8791 of the Food, Conservation, and Energy Act of 2008 (7 U.S.C. § 8791 (Supp. II 2008)), which exempted the disclosure of the GPS coordinates, did not apply because it was enacted after the USDA withheld the GPS coordinates. *Center for Biological Diversity*, 626 F.3d at 1115. The USDA appealed. *Id.* at 1116.

¶ 36 The Ninth Circuit Court of Appeals (Ninth Circuit) reversed. *Id.* at 1118-19. The Ninth Circuit noted the two-step test set forth in *Landgraf* for determining the applicability of legislation enacted after the acts that gave rise to the suit and found under the first step that

Congress had not expressly prescribed section 8791's temporal reach. *Id.* at 1117. As to the second step, whether section 8791 would have retroactive effect, the Ninth Circuit cited an earlier case in which a conservation group brought a FOIA action to compel the Forest Service to release location data about an endangered bird. *Southwest Center for Biological Diversity v. United States Department of Agriculture*, 314 F.3d 1060, 1061 (9th Cir. 2002). While the action was pending in the district court, Congress passed new legislation permitting the withholding of such information from the public. *Id.* In determining whether the new legislation applied in that case, the appellate court concluded there was no impermissible retroactive effect because "the 'action' of the [conservation group] was merely to request or sue for information; it was not to take a position in reliance upon existing law that would prejudice the [conservation group] when that law was changed." *Id.* at 1062. As a result, the new legislation applied. *Id.*

¶ 37    The Ninth Circuit held that "*Southwest* requires the conclusion that there is no impermissible retroactive effect in applying Section 8791 to the Center's pending FOIA action. As in *Southwest*, the only action the Center took was to request information and file suit. It engaged in no other action in reliance on then-existing law. We have already explicitly rejected the theory that there is an impermissible retroactive effect just because 'the Center had a right to the information when it filed its suit *** and it loses that right by application of the new exemption.' [Citation.] *** '[W]hen the intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive.' [Citation.] Here, the Center seeks the prospective relief of an injunction directing the USDA to provide it with certain information. Section 8791 merely affects the propriety of this prospective relief and is therefore not impermissibly retroactive when applied in this case." *Center for Biological Diversity*, 626 F.3d at 1118.

¶ 38    In *Wisniewski*, the plaintiff filed a lawsuit alleging that defendant Kownacki, a priest, had sexually abused him. *Wisniewski*, 221 Ill. 2d at 455. The plaintiff sought discovery of the records of Kownacki's mental health treatment and alcohol-abuse counseling. *Id.* The defendants objected to the disclosure of the records, asserting that the records were privileged under the Mental Health and Developmental Disabilities Confidentiality Act (Confidentiality Act) (740 ILCS 110/1 *et seq.* (West 2002)) and the Alcoholism and Other Drug Abuse and Dependency Act (Dependency Act) (20 ILCS 301/30-5 *et seq.* (West 2002)). *Wisniewski*, 221 Ill. 2d at 455-56. The circuit court concluded that neither statute applied to records created prior to the effective dates of the statutes and ordered that the records be turned over. *Id.* at 456. Defendants refused to turn over the records, and the circuit court held defendants in contempt. *Id.* Defendants ultimately appealed to the supreme court. *Id.*

¶ 39    In pertinent part, our supreme court stated:

"Plaintiff argues that applying the nondisclosure provisions of the Confidentiality Act and the Dependency Act to Kownacki's preenactment treatment records would have a retroactive impact because it would impose new duties with respect to documents and transactions completed years before the statutes' enactment. We reject this argument and conclude that the applicability of the Confidentiality Act and the Dependency Act to Kownacki's treatment records does not hinge upon a retroactivity analysis. Disclosure, which is the act regulated by both statutes, takes place only in the present or the future. Thus, any new duties regarding disclosure or nondisclosure would likewise be imposed only in the present or the future, not in the past. In other

words, applying the nondisclosure provisions of the Confidentiality Act and the Dependency Act to preenactment treatment records and communications would not impair anyone's rights with respect to past transactions. Neither statute impacts any actions that may have taken place in the past with regard to Kownacki's records. For these reasons, we conclude that the Confidentiality Act and the Dependency Act are applicable to treatment records and communications that were created pursuant to treatment given prior to the effective dates of those statutes." *Id.* at 462-63.

¶ 40 *Kalven*, *Center for Biological Diversity*, and *Wisniewski* compel the conclusion that when a statutory amendment only affects the present or future disclosure of information (either by allowing for its disclosure or exempting it from disclosure) and does not otherwise impair anyone's rights with respect to completed transactions made in reliance on the prior law, the application of the amendment has no impermissible retroactive effect, and therefore, the amendment must be applied by the court if it is in effect at the time of the court's decision.

¶ 41 In the present case, as section 2105-117 of the Code only exempts the complaint and exhibits requested by plaintiffs from present or future disclosure and does not otherwise impair plaintiffs' rights with respect to any completed transactions made in reliance on any prior law, its application has no impermissible retroactive effect. Therefore, the court properly applied section 2105-117 when ruling on the reconsideration motions and dismissing plaintiffs' FOIA request.

¶ 42 Our holding is further bolstered because plaintiffs sought injunctive relief, which is a prospective form of relief for which the circuit court must apply the law in effect at the time of its decision, *i.e.*, section 2105-117. *Kalven*, 2014 IL App (1st) 121846, ¶ 10.

¶ 43 Plaintiffs argue that *J.T. Einoder, Inc.*, compels a different result. In *J.T. Einoder, Inc.*, the office of the Illinois Attorney General filed a complaint against the defendants alleging they had been violating the Environmental Protection Act (Act) (415 ILCS 5/1 *et seq.* (West 2000)), by engaging in open dumping and by permitting the deposit of construction and demolition debris waste above grade without a permit. *J.T. Einoder, Inc.*, 2015 IL 117193, ¶¶ 1-2. In addition to monetary penalties, the State sought a mandatory injunction pursuant to section 42(e) of the Act requiring the defendants to remove the above-grade waste pile. *Id.* ¶ 17. The defendants argued that the version of section 42(e) of the Act in effect at the time of the violations did not allow for mandatory injunctive relief. *Id.* The State responded that the amended version of section 42(e), which permits courts to issue mandatory injunctions, applied in this case. *Id.* The circuit court ruled that amended section 42(e) applied, and accordingly the court granted the State's request for a mandatory injunction. *Id.* ¶ 19. The appellate court affirmed. *Id.* ¶ 20.

¶ 44 Our supreme court reversed the appellate court's finding that amended section 42(e) of the Act may be applied retroactively, noting that the amended section "creates an entirely new type of liability—a mandatory injunction—which was not available under the prior statute. Applying it retroactively here would impose a new liability on defendants' past conduct. For that reason, it is a substantive change in the law and cannot be applied retroactively." *Id.* ¶ 36.

¶ 45 In contrast to *J.T. Einoder, Inc.*, the present case involves section 2105-117 of the Code, which only affects present or future disclosure of information and which does *not* impose any new liability on past conduct. As such, section 2105-117 has no impermissible retroactive effect and therefore was properly applied by the circuit court when ruling on the parties' reconsideration motions and dismissing plaintiffs' FOIA action.

¶ 46    Next, plaintiffs argue that the circuit court erred in dismissing their claim for attorney fees under section 11(i) of the FOIA. Section 11(i) only allows the recovery of attorney fees when "a person seeking the right to inspect or receive a copy of a public record *prevails* in a proceeding under this Section." (Emphasis added.) 5 ILCS 140/11(i) (West 2014). Plaintiffs here did not prevail in their FOIA proceeding, and therefore the circuit court did not err by dismissing plaintiffs' claim for attorney fees.

¶ 47    Finally, on the conclusion page of their appellants' brief, plaintiffs cursorily argue that the matter should be remanded for a hearing on the application of civil penalties against defendant under section 11(j) of the FOIA. Plaintiffs forfeited review by failing to make an adequate argument regarding the imposition of civil penalties under section 11(j). See Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016).

¶ 48    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 49    Affirmed.

¶ 50    JUSTICE DELORT, dissenting.

¶ 51    On January 21, 2013, and again on August 26, 2013, the plaintiffs requested records from the Illinois Department of Financial and Professional Regulation pursuant to FOIA. The Department ultimately denied their request. On November 6, 2014, plaintiffs filed this action to obtain the records. Almost a year later, on August 3, 2015, the General Assembly enacted a law which exempted the records from disclosure. The circuit court dismissed the plaintiff's complaint on the sole basis of the new law. This case thus presents the issue of whether the General Assembly can thwart a FOIA request by passing a new law exempting those records from disclosure, after the records were denied by the agency holding the records and while the matter is in litigation. I believe that the trial court erred by applying the new statute to bar the plaintiffs' request and, therefore, respectfully dissent.

¶ 52    Our supreme court has explained that the retroactive application of a statute is determined under the test set forth in *Landgraf*, 511 U.S. at 280. Under the first part of the test, "if the legislature has clearly prescribed the temporal reach of the statute, the legislative intent must be given effect absent a constitutional prohibition." *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 23. The second part of the test provides that if the new law contains no "express provision regarding the temporal reach, the court must determine whether applying the statute would have a 'retroactive' or 'retrospective' impact; that is, 'whether it would *impair rights a party possessed* when he acted.' " (Emphasis added.) *Id.* (quoting *Landgraf*, 511 U.S. at 280). If "applying the statute would have a retroactive impact, then the court must presume that the legislature did not intend that it be so applied." *Id.* (citing *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 38 (2001)); see also *J.T. Einoder, Inc.*, 2015 IL 117193, ¶ 30 (applying same analysis).

¶ 53    "Illinois courts will rarely, if ever, need to go beyond step one of the *Landgraf* analysis. This is because an amendatory act which does not, itself, contain a clear indication of legislative intent regarding its temporal reach, will be presumed to have been framed in view of the provisions of section 4 of our Statute on Statutes." *J.T. Einoder, Inc.*, 2015 IL 117193, ¶ 31. Section 4 of the Statute on Statutes, in turn, provides: "[n]o new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to *** *any right accrued*, or claim arising under the former law." (Emphasis added.) 5 ILCS 70/4 (West 2014).

The law at issue here, section 2105-117 of the Code (20 ILCS 2105/2105-117 (West Supp. 2015)), contains no language suggesting that its temporal reach was intended to be retroactive so that it would affect record requests validly made before its enactment. Accordingly, section 4 of the Statute on Statutes suggests the plaintiffs are entitled to consideration of their FOIA request on the merits regardless of the later enactment of section 2105-117 of the Code.

¶ 54    In considering whether section 2105-117 should be construed to be retroactive, we should also be guided by section 1 of FOIA itself, which states:

> "The General Assembly hereby declares that it is the public policy of the State of Illinois that access by all persons to public records promotes the transparency and accountability of public bodies at all levels of government. It is a fundamental obligation of government to operate openly and provide public records as expediently and efficiently as possible in compliance with this Act." 5 ILCS 140/1 (West 2014).

¶ 55    Public bodies are required to fulfill valid FOIA requests within a few weeks, at most. 5 ILCS 140/3 (West 2014). Additionally, FOIA requires courts to prioritize FOIA litigation over other types of cases. 5 ILCS 140/11(h) (West 2014) ("Except as to causes the court considers to be of greater importance, proceedings arising under this Section shall take precedence on the docket over all other causes and be assigned for hearing and trial at the earliest practicable date and expedited in every way."). When, as here, public bodies fail to fulfill FOIA requests "expediently" and require requestors to seek judicial relief to vindicate their rights, the public policy enunciated in FOIA demands that those rights not be thwarted by an unduly strained interpretation of our state's retroactivity jurisprudence.

¶ 56    To avoid this result, the majority cites several authorities, none of which are persuasive. *Wisniewski* concerned the release of medical records *created* before the enactment of statutes shielding them from disclosure. The request for the records was first made as part of discovery in the underlying lawsuit. The lawsuit itself was not filed until years after the statutes had been enacted. Our supreme court held that the records need not be released, reasoning that:

> "Disclosure, which is the act regulated by both statutes, takes place only in the present or the future. Thus, any new duties regarding disclosure or nondisclosure would likewise be imposed only in the present or the future, not in the past. In other words, applying the nondisclosure provisions of the [statutes] to preenactment treatment records and communications would not impair anyone's rights with respect to past transactions. Neither statute impacts any actions that may have taken place in the past with regard to Kownacki's records." *Wisniewski*, 221 Ill. 2d at 463.

Here, in contrast, the plaintiffs' request was filed and denied before section 2105-117 of the Code was enacted. *Wisniewski* is therefore distinguishable.

¶ 57    The majority also relies on a case interpreting the federal FOIA, *Center for Biological Diversity*. There, the court held that amendments to the federal version of FOIA enacted while the lawsuit was pending barred disclosure of documents requested before the amendment's enactment. This case is distinguishable for several reasons. First, the federal version of FOIA does not include the strong statement of public policy and the specific declaration of citizens' "right[s]" contained in the Illinois FOIA. Compare 5 U.S.C. § 552 (2012), with 5 ILCS 140/1 (West 2014). Second, while cases interpreting the federal version of FOIA are often helpful in interpreting identical provisions in the Illinois FOIA, "Illinois courts have repeatedly noted that the Illinois version of the FOIA is different from the federal version and is, therefore, subject to a different interpretation." *Rockford Police Benevolent & Protective Ass'n, Unit No.*

*6 v. Morrissey*, 398 Ill. App. 3d 145, 153 (2010). Similarly, in *American Federation of State, County & Municipal Employees (AFSCME) v. County of Cook*, 136 Ill. 2d 334, 345 (1990), our supreme court stated: "we decline to interpret the Illinois [FOIA] as narrowly as [the Court of Appeals for the District of Columbia Circuit] interpreted the Federal Freedom of Information Act."

¶ 58      The majority also relies on *Kalven*, in which the court held that a court hearing an appeal from a FOIA denial should apply the version of FOIA in existence at the time of its ruling. *Kalven*, 2014 IL App (1st) 121846, ¶ 10. I was on the panel that decided *Kalven* but did not join that part of the opinion. Instead, I specially concurred, stating: "I would instead find that the plaintiff's rights to the records vested when he made the request and could not later be rescinded by legislative action. To hold otherwise would encourage governmental bodies to stall FOIA responses until some future time when the legislature might amend the statute in a favorable manner, or to actively lobby for an amendment which shields particular embarrassing records from disclosure." *Id.* ¶ 36 (Delort, J., specially concurring). The *Kalven* opinion does not discuss the key—and highly relevant—declaration in section 4 of the Statute on Statutes that "[n]o new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to *** *any right accrued*, or claim arising under the former law." (Emphasis added.) 5 ILCS 70/4 (West 2014).

¶ 59      Also, the *Kalven* court did not have the benefit of the more recent Illinois Supreme Court case of *J.T. Einoder, Inc.*, in which the court found that a new law cannot apply retrospectively where it would "have a retroactive impact or result in inequitable consequences." *J.T. Einoder, Inc.*, 2015 IL 117193, ¶ 30. Here, the Department eventually denied the plaintiffs' request, requiring the plaintiffs to seek judicial relief to vindicate their rights under FOIA. Under these facts, applying section 2015-117 of the Code retroactively would, indeed, have "inequitable consequences."

¶ 60      Accordingly, I must respectfully dissent. I would instead reverse the order dismissing the complaint and remand for further proceedings.